THE OSHKOSH GAS LIGHT COMPANY and another, Respondents, vs. THE GERMANIA FIRE INSURANCE COMPANY, Appellant.

*March 27 — April 17, 1888.*

*(1) Insurance against fire: Several policies: Total loss: Measure of damages. (2) Forfeiture: Waiver. (3) Evidence: Immaterial error.*

1. Where several concurrent policies of insurance upon real property have been written with the consent of the respective companies, and the property is wholly destroyed, the aggregate amount of

such insurance must, under sec. 1943, R. S., "be taken conclusively to be the true value of the property when insured, and the true amount of loss and measure of damages when destroyed."

2. Where the agent of an insurance company, with knowledge of a forfeiture of the policy, continues to recognize its validity, and enters into negotiations for a settlement of the loss, whereby the insured incurs expense or trouble, the forfeiture will be deemed waived.

3. The admission of incompetent evidence to prove a fact established by other evidence which was competent, is an immaterial error.

APPEAL from the County Court of *Winnebago* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

February 8, 1885, the defendant issued to the plaintiffs its policy of insurance, whereby it insured the plaintiffs against loss by fire to the amount of $750 in several sums, upon six separate pieces of property, some of which were real estate, and some personal property, including "$180 on the frame store-house building and shed adjoining, including scales." By the terms of the policy, "$15,000 concurrent insurance" was "permitted," in the aggregate, on the whole property covered by the policy. "There was other insurance upon this property, amounting, in the aggregate, to $11,250." December 18, 1885, a fire occurred, as shown by the evidence and found by the jury, wholly destroying "the frame store-house building and shed adjoining, as well as the scales, and also damaged slightly some of the other property." The aggregate amount of insurance upon the property so destroyed at the time of the fire was $2,700, in seven different companies, including the defendant company, which carried one fifteenth of the risk thereon. The nature of the defense will appear from the opinion. On the trial, August 18, 1887, the jury returned a verdict of $220.63. From the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Jenkins, Winkler Fish & Smith,* and oral argument by *Mr. C. H. Van Alstine.* They contended, *inter alia,* that sec. 1943, R. S., does

not declare that the *aggregate* insurance written in *several policies* shall be taken to be the true value, etc. So construed the statute would foster and encourage over-insurance, instead of preventing it as intended. The legislature had in mind the issuance of but one policy. There cannot consistently be more than one "true value" to one piece of property. And when several policies are issued in different amounts, and the several values are in excess of the actual true value of the property, a provision for scaling down those values to the actual true value does not conflict with the statute, but rather makes that certain which would otherwise be uncertain.

For the respondents there was a brief by *Finch & Barber*, and oral argument by *Mr. Charles Barber*. As to the construction of sec. 1943, R. S., they cited, besides cases cited in the opinion, *Thompson v. St. Louis Ins. Co.* 43 Wis. 459; *Harriman v. Queen Ins. Co.* 49 id. 71; *Oshkosh P. & P. Co. v. Mercantile Ins. Co.* 31 Fed. Rep. 200; *Queen's Ins. Co. v. Jefferson Ice Co.* 64 Tex. 578; Wood on Ins. sec. 41.

CASSODAY, J.    1. Upon the verdict of the jury it must be assumed that the building mentioned was wholly destroyed by the fire. At the time of such destruction it was insured in seven different companies, in the aggregate $2,700, one fifteenth of which was in the defendant company. The evidence tended to show that the value of the building at the time of the fire was about $1,200. The defendant concedes that, if it is liable at all, it should pay its proportionate share of the true value of the building, but insists that it is not bound to pay the amount specified in the policy. The contract of insurance was made under a statute which declared that "whenever any policy of insurance shall be written to insure any real property, and the property insured shall be wholly destroyed without criminal fault on the part of the insured or his assigns, the amount of the

JANUARY TERM, 1888. 457

The Oshkosh Gas Light Co. and another vs. The Germania Fire Ins. Co.

insurance written in such policy shall be taken conclusively to be the true value of the property when insured, and the true amount of loss and measure of damages when destroyed." Sec. 1943, R. S. Under this statute it is settled by frequent adjudications that the actual value of such real estate when insured or destroyed, and the consequent *actual* loss to the insured, is wholly immaterial. *Reilly v. Franklin Ins. Co.* 43 Wis. 449; *Thompson v. Citizens' Ins. Co.* 45 Wis. 388; *Cayon v. Dwelling House Ins. Co.* 68 Wis. 515, 516. This is the necessary result of the language of the statute making " the amount of the insurance written in such policy " conclusive between the parties to the contract, not only as to " the true value of the property *when* insured," but also as to " the true amount of loss and measure of damages when destroyed."

The statute must be regarded as a part of the contract of insurance, and the amount written in the policy as liquidated damages agreed upon by the parties conclusively in such contract. The several concurrent policies were each written with the consent of the respective companies. This being so, the aggregate amount of such insurance written in the several policies is the value of such property as stipulated in each contract, and hence, as between the parties, must be regarded as conclusive, not only as to " the true value of the property when insured," but also as to " the true amount of loss and measure of damages when destroyed." This must be so, or the statute would be wholly ineffectual whenever there is more than one policy on the same property. And this is so notwithstanding other clauses in the policies inconsistent therewith.[1] The result is that the

---

[1] The policy in suit contained, among other clauses, the following: "In case of any other insurance upon the property hereby insured, whether made prior or subsequent to the date of this policy, the insured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon, whether by specific or floating policies."— REP.

exceptions to such portions of the charge as, in effect, directed the jury that in case they found the building to have been wholly destroyed, then the plaintiffs were entitled to recover the full amount written in the policy, must be overruled.

2. The policy contained a clause to the effect that any increase of hazard by reason of any change in the use or occupancy of the building, or by the erection of neighboring buildings, without being specifically agreed upon, should avoid the policy. It appears that after the contract of insurance and before the fire, the plaintiffs, without the consent of the defendant, erected another building within twenty feet of the one in question, and put a steam-boiler therein of about seventy horse power, and used the same for making steam and running an electric-light plant. There was evidence tending to show that, after the fire and proofs of loss had been furnished to the defendant, an adjuster, having knowledge of the erection of such other building and the putting in of such boiler and use of the same, and with authority from the defendant, negotiated with the agent of the plaintiffs respecting the adjustment and settlement of such loss under the policy, whereby the plaintiffs incurred expense and trouble. Under these circumstances we think there was no error in charging the jury, in effect, that if they found that such adjuster was the agent of the defendant, and, with knowledge of such forfeiture and without insisting upon the same, continued to recognize the validity of the policy, and entered into negotiations for, and efforts at, a settlement of such loss, whereby the plaintiffs incurred expense or trouble, then there was a waiver of such forfeiture. Such waivers have so frequently been sanctioned by this court as to require no discussion, much less a restatement of the law. *Webster v. Phœnix Ins. Co.* 36 Wis. 67; *Northwestern Mut. L. Ins. Co. v. Germania F. Ins. Co.* 40 Wis. 446; *Gans v. St. Paul F. & M. Ins. Co.* 43 Wis. 108;

*Cannon v. Home Ins. Co.* 53 Wis. 585; *Hollis v. State Ins. Co.* 65 Iowa, 454.

3. Assuming that the declarations of the adjuster were not admissible to prove his authority from the defendant, yet, as his testimony established such authority, their admission affected no substantial right of the defendant, and hence is not ground for reversal. Sec. 2829, R. S.

*By the Court.*— The judgment of the county court is affirmed.