Seibel and others vs. Northwestern Mutual Relief Association.

SEIBEL and others, by guardian *ad litem,* Respondents, vs. NORTHWESTERN MUTUAL RELIEF ASSOCIATION, imp., Appellant.

*October 13 — November 4, 1896.*

*Mutual benefit associations: False statement as to relationship of beneficiary: Forfeiture: Waiver.*

The forfeiture, if any, of a mortuary certificate in a mutual benefit association by reason of false statements that the beneficiary named therein was the wife of the assured is *held* to have been waived, where it appeared that the association was informed by the assured two weeks before his death that such statement was erroneous; that the association did not reply to the letter until ten days after it was written and then only requested that the certificate should be returned for correction; and that the association, ten days after the death of the assured, received and retained payment for an assessment made three weeks before his death.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

It appears from the record: That August 28, 1888, Ludwig Seibel applied to the defendant company for insurance, and thereupon received from it a certificate of membership for mortuary benefit, not exceeding $2,000, for his four sons therein named. That January 16, 1889, the said Ludwig

surrendered that certificate, and took a new one, not exceeding $4,000, for the benefit of the four sons mentioned, if living, and otherwise to his heirs at law. That in 1890 the company began to issue new forms of certificates, known as "New Series of 1890," and sent out notices to that effect to its members, including Ludwig Seibel, prior to November, 1891. That November 30, 1891, Ludwig wrote to the company to change his certificate to the new series, and "in the only name of Bertha Egert, my wife." That thereupon the company sent to Ludwig Seibel the proper blanks to be filled out by him and returned to the company, with a circular generally stating that his beneficiary must be a member of his family or a near relative. That Ludwig thereupon filled out the blanks under date of January 5, 1892, and in such application stated, among other things, in effect, that he thereby surrendered his present certificate, and desired that the new certificate should be payable to "Bertha Egert, Bertha Seibel, my wife," and stating that he thereby consented that such application might be attached to and made a part of his original application and contract of membership. That January 5, 1892, a new certificate was issued by the company to Ludwig for a mortuary benefit of $4,000, with his wife, Bertha Seibel, as beneficiary, payable upon the conditions therein named to the said Ludwig, or, in case of his death, to the beneficiary, if living; otherwise, payment to be made in the following order: To the surviving beneficiary; if none, to his wife; if none, to his children; if none, to his parents; or, if none of these survived him, then payment to be made to his heirs at law. That on the back of that certificate were new conditions, to the effect that any false statement or untruthful answer should void the same. That January 19, 1892, one of the articles of reincorporation of the company provided that the company was not to pay, except to the husband, wife, children, relative, or legal heir of the deceased. That August 19, 1893,

the company assessed Ludwig Seibel. That August 26, 1893, Ludwig Seibel caused a letter to be written to the company, to the effect that the statement in the certificate, "Bertha Seibel, his wife," was incorrect, that she was not his wife, and that her name was Bertha Egert, and requested that it should be so written in the certificate. That September 5, 1893, the company sent to Ludwig Seibel the assessment so made August 19, 1893, and on the same day requested him to return the certificate for correction. That September 9, 1893, Ludwig died, leaving a will executed June 14, 1890, wherein and whereby he bequeathed such insurance to the three plaintiffs named, each one third. That Ludwig Seibel paid all assessments due up to the day of his death. That September 14, 1893, Bertha Egert paid the assessment so made August 19, 1893, and the same was received by the company September 19, 1893. That October 13, 1893, Bertha Egert caused a letter to be written to the company reiterating what was said in the letter of August 26, 1893, to the effect that she was not the wife of Ludwig Seibel, and claiming the insurance. That, after the company received that letter, its executive committee considered the matter of such claim. That the company never returned, nor offered to return, the assessment so received by it September 19, 1893. That due proofs of such death were made, as required, but the company refused to pay or make any assessment for such payment, and denied all liability. That August 22, 1894, Christina, widow of said Ludwig Seibel, duly assigned all her right and interest in such certificate to the plaintiffs, for a valuable consideration. That November 30, 1894, Bertha Egert duly assigned all her claims to such certificate to the plaintiffs for a valuable consideration. That December 8, 1894, the plaintiffs, by their guardian *ad litem*, duly appointed, commenced this action. That the issues formed by the complaint and answer were tried, and the court found, in effect, the facts as stated; and, as conclusions of law, found that Bertha Egert was not competent to take as bene-

ficiary under the contract, for the reason that she was not the wife of Ludwig Seibel, and that the statement to that effect was untrue, but was immaterial, and not relied upon by the company, and that the forfeiture by reason of such condition had been waived by the company; that Ludwig Seibel was in good standing in the defendant company at the time of his death, and that the plaintiffs, by virtue of the certificate and the assignments mentioned, were entitled to recover in this action; that Ludwig Seibel had no power to dispose of the certificate by his will; and the court ordered judgment entered in favor of the plaintiffs, requiring the company to make and collect the assessment to pay the amount due to plaintiffs on such contract. From the judgment entered accordingly, the company brings this appeal.

*H. W. Chynoweth,* for the appellant, cited *Travelers Ins. Co. v. Lampkin,* 5 Colo. App. 177, and cases cited; *Supreme Council A. L. H. v. Green,* 71 Md. 263.

For the respondents there was a brief by *Nicholas Thauer* and *Olin & Butler,* and oral argument by *J. M. Olin* and *H. L. Butler.* They argued, among other things, that where the beneficiary is not within the class of persons who, according to the statute under which a benefit society is organized or according to its constitution and by-laws, may be beneficiaries, and it is provided in the certificate that, in case of the death of the beneficiary named before the death of the assured, payment shall be made to certain relatives in the order named, said certificate is not void but such relatives take as if the beneficiary named had died prior to the death of the assured. *Shea v. Mass. Ben. Asso.* 160 Mass. 289; *Palmer v. Welch,* 132 Ill. 141; *Britton v. Supreme Council R. A.* 46 N. J. Eq. 102; *Rindge v. New England M. A. Soc.* 146 Mass. 286, 288; *Burns v. Grand Lodge A. O. U. W.* 153 id. 173; *Sargent v. Supreme Lodge Knights of Honor,* 158 id. 577; *Schonfield v. Turner,* 7 L. R. A. 189; *Clarke v. Schwarzenberg,* 162 Mass. 98; *Mich. M. B. Asso. v. Rolfe,* 76 Mich. 146; *Jewell v. Grand Lodge A. O. U. W.*

41 Minn. 405; Bacon, Ben. Soc. (2d ed.), § 243*a;* Niblack, Ben. Soc. (2d ed.), § 231; *Given v. Wis. O. F. M. L. Ins. Co.* 71 Wis. 547, 552.

CASSODAY, C. J.  At the time of issuing the certificate upon which this action is based, Ludwig Seibel was living separate and apart from his wife, Christina Seibel, who then had a suit pending against him for a divorce, and Bertha Egert was keeping house for him.  It is contended that the certificate for mortuary benefit is void by reason of having been issued upon Ludwig Seibel's false statement that Bertha Egert was "Bertha Seibel," his wife.  Counsel cites two cases in support of such contention — one of them very much like the case at bar.  For the purposes of this case, we assume that such false statement operated to avoid the contract at the election of the company.  But, as indicated in the statement, the company was informed by Ludwig Seibel, two weeks before his death, that such statement was erroneous; — that Bertha Egert was not his wife.  The company did not reply to that letter until ten days after it was written; and then, instead of insisting upon a forfeiture of the contract, the company requested that the certificate should be returned to the company for correction; and then, ten days after the death of Ludwig Seibel, the company received and retained the payment for the assessment made by the company three weeks before his death.  We are clearly of the opinion that such action of the company, with full knowledge of the facts, operated as a waiver of the breach.  This is supported by numerous adjudications cited in the brief of counsel for the plaintiffs.  It is enough here to cite *Oshkosh G. L. Co. v. Germania F. Ins. Co.* 71 Wis. 454; *Renier v. Dwelling House Ins. Co.* 74 Wis. 89; *Rasmusen v. N. Y. L. Ins. Co.* 91 Wis. 81; *Dick v. Equitable F. & M. Ins. Co.* 92 Wis. 46; *Johnston v. N. W. L. S. Ins. Co., ante,* p. 117.

*By the Court.*— The judgment of the circuit court is affirmed.