Fox, Respondent, vs. MILWAUKEE MECHANICS' INSURANCE COMPANY, Appellant.

*December 6, 1932—January 10, 1933.*

214

For the appellant there was a brief by *Samuel Becker* of Milwaukee and *Silber, Isaacs, Silber & Woley* of Chicago, attorneys, and *Frederick D. Silber* and *Herbert W. Hirsh* of counsel, both of Chicago, and oral argument by *Mr. Hirsh* and *Mr. Becker.*

For the respondent there was a brief by *La Follette, Rogers & Roberts,* attorneys, and *W. Wade Boardman* of counsel, all of Madison, and oral argument by *Mr. Boardman* and *Mr. Glenn D. Roberts.*

ROSENBERRY, C. J.  A consideration of the questions raised on this appeal requires us to set out the following portions of the Wisconsin standard fire insurance policy:

Sec. 203.01. . . . . "In consideration of the stipulations herein named and of —— dollars premium does insure —— —— and legal representatives, to the extent of the actual cash value (ascertained with proper deductions for depreciation) of the property at the time of loss or damage."

Sec. 203.21, ordinarily known as the Wisconsin valued policy law, provides:

"Whenever any policy of insurance is written to insure real property and the property insured is wholly destroyed, without criminal fault on the part of the insured or his as-

signs, the amount of the insurance written in such policy shall be taken conclusively to be the true value of the property when insured and the true amount of loss and measure of damages when destroyed."

It is argued (1st) that the provisions of the standard fire insurance policy control and that the insured can recover no more than the actual cash value of the property at the time of its destruction; (2d) that if it be held that the valued policy law controls over the language of the standard fire insurance policy, then it is unconstitutional and deprives the defendant of its property without due process of law, contrary to the Fourteenth article of amendment to the constitution of the United States and to secs. 1, 9, and 13 of art. I of the constitution of the state of Wisconsin.

I. The first valued policy law in force in this state was enacted in 1874, being ch. 347 of the laws of that year. Thereafter in 1895 the standard policy law was enacted. As enacted it contained a provision substantially the same as that heretofore set out and contained in the present standard policy of fire insurance. The standard policy law of 1895, however, provided that the clause relating to actual cash value at the time of loss should be the measure of damages except in cases otherwise provided by statute.

By ch. 265 of the Laws of 1915 the valued policy law was repealed. In 1917 the standard policy law of 1895 was repealed by ch. 127 of the laws of that year and a new standard policy law was enacted to take effect July 1, 1917. The new standard policy law omitted the exception contained in the standard policy law of 1895, so that as the law then stood the actual cash value at the time of loss was the measure of the company's liability. Subsequent to the enactment of the standard policy law of 1917, ch. 461 of the Laws of 1917 was enacted, which is the present valued policy law, the material part of which has heretofore been set out.

. It is argued that these two enactments are conflicting and should be so construed as to reconcile and give full effect to the provisions of both, and it is further argued that the only construction which will reconcile apparently conflicting provisions in the valued policy law and the standard policy law is one that gives effect to the standard policy law and permits depreciation in value between the time of the issuance of the policy and the time of loss to be shown, and which gives effect to the valued policy law in cases where there has been no depreciation between the time of the issuance of the policy and the time of loss.

The standard policy law is intended to apply to all classes of property, and by the provision of sec. 203.06 every policy of insurance issued in the state of Wisconsin must conform thereto except in cases where departures therefrom are authorized by law. While the standard fire insurance policy law went into effect subsequent to the enactment of the valued policy law in 1917, it is considered that that does not affect the rule relating to legislative intent. In any event, the quoted provisions of the standard fire insurance policy law are general, covering all classes of real and personal property. The provisions of the valued policy law are special and apply only to real property and then only when the property is wholly destroyed. We are therefore constrained to hold that in accordance with the ordinary rules for statutory construction the special provision controls the general provision and constitutes an exception thereto. Sec. 370.02 (3), Stats. We find no basis for saying that one rule applies where property has depreciated in value and another applies where it has remained stationary or increased in value. The statute says that where insured real property is totally destroyed the damages shall be the amount named in the policy. We conclude, therefore, that the defendant's contention with respect to the construction of the statute cannot be upheld. *Eck v. Netherlands Ins. Co.* 203 Wis. 515, 234 N. W. 718.

II. The contention of the defendant that as construed by the trial court and by this court the valued policy law creates a conclusive presumption which bars the defendant from a judicial inquiry into the extent of its liability, and deprives the petitioner of its property without due process of law, is fanciful and somewhat tenuous. The defendant company entered into the contract with the insured voluntarily. The valued policy law is nothing more nor less than a contract for liquidated damages in the event of total loss. The public policy underlying laws of this kind has been fully considered and aptly stated in prior decisions of this court. See *Reilly v. Franklin Ins. Co.* 43 Wis. 449.

We are cited to only one case that deals with the question presented and there it was not determined. *Hartford Fire Ins. Co. v. Redding,* 47 Fla. 228, 37 South. 62, 67 L. R. A. 518. It is sought to deduce from *Orient Ins. Co. v. Daggs,* 172 U. S. 557, 19 Sup. Ct. 281, 43 Lawy. Ed. 552, the conclusion that the supreme court of the United States would not have held valid the Missouri statute there under consideration except for the fact that the statute contained a clause allowing depreciation to be shown. From that conclusion it is argued that a valued policy law is unconstitutional. We are unable to concur in this view. It is quite apparent the court did not have under consideration the situation here presented. What was said in that case must be read in connection with the facts there under consideration.

We are at a loss to understand how the making of a contract to pay a sum certain in the case of total destruction of property deprives the promisor of his property without due process of law in the event that between the date of the contract and the destruction of the property its value has depreciated. The very object and purpose of the statute was to eliminate controversy as to the amount of loss by requiring the parties to agree upon the amount to be paid in the event of total destruction. Compelling an insurance com-

pany to perform its contract certainly is not depriving it of its property without due process of law. As a makeweight it might not be improper to refer to the fact that under the standard fire insurance policy the insurer has the right to repair, rebuild, or replace the property with other of like kind and quality within a reasonable time. In addition to that the defendant had the right reserved in its contract to cancel the policy upon five days' written notice.

Our attention is also called to *Schlesinger v. Wisconsin,* 270 U. S. 230, 46 Sup. Ct. 260, 70 Lawy. Ed. 557. That case has no bearing whatever upon the questions under consideration here. The valued policy law does not create a conclusive presumption. It requires an insurance contract to contain certain terms and provisions. These become binding upon the insurer when it voluntarily enters into a contract of insurance, not before.

*By the Court.*—Judgment affirmed.