CIOKEWICZ, Appellant, vs. LYNN MUTUAL FIRE INSUR-
ANCE COMPANY, Respondent.

*May 9—June 6, 1933.*

For the appellant the cause was submitted on the brief of *Herman Leicht* of Medford.

For the respondent there was a brief by *Rush & Devos* of Neillsville, and oral argument by *A. L. Devos*.

ROSENBERRY, C. J.  It is contended that the facts found by the trial court do not constitute an effective cancellation of the policy issued by the defendant to the plaintiff.  Upon this branch of the case the material facts are as follows: Defendant's policy was issued January 22, 1930, application to the American Insurance Company was made upon which a policy was issued on July 22, 1931.  The plaintiff left with one Vinger, agent of the American Insurance Company, his policy with the defendant company, with the understanding that it was to be sent to the defendant company.  After the issuance of the policy by the American Insurance Company, Vinger permitted the policy in the defendant company to lie on his desk, where it was when the barn was destroyed by fire on November 11, 1931.  The plaintiff then procured possession of the policy, and on December 22, 1931, mailed it to the defendant with a letter in which he stated: "I am cansling my policy for I dont intend to pay any longer."

It appears from the facts stipulated that the plaintiff had notice of an assessment in July, 1931, at the time negotiations were pending for the issuance of the American Insurance Company policy, to which he paid no attention, and so far as the record shows was not paid.  Upon receipt of plaintiff's letter containing the policy the defendant company did nothing.  On December 30, 1931, plaintiff's attorney wrote a statement of facts as he understood them and among other things in the letter to the defendant said: "Also whether you will ask or waive proofs of loss, without of

course waiving any defense you may have as to liability of any other sort. And advise me what position you take as to this loss."

In response to this letter the defendant company wrote under date of January 4, 1932, as follows:

"Replying to your letter of December 30 relative to Mr. John Ciokewicz of Thorp, we wish to inform you that the American Insurance Company has called at our office relative to this loss under very peculiar circumstances. As I gathered the story, their agents twisted our policy on the assured's place and placed one of their own in the amount of $1,900 on the barn. They say that they can rebuild the barn for some eight or nine hundred dollars and their desire was to get me to admit liability in order to escape the provisions of the valued policy law. I told them flatly that under the circumstances our company would deny liability in this case as our defense, if sued, is absolutely watertight. The understanding which you have of this case and our relation to it is correct as far as I am able to determine."

Apparently plaintiff's attorney wrote defendant company requesting copy of the policy, for on April 8, 1932, the defendant wrote plaintiff's attorney as follows:

"We have your letter of April 6 with reference to the Ciokewicz policy, and in accordance with your request we are sending you herewith a copy of such policy.

"Under the policy of this man a proof of loss is required and we think that this policyholder should furnish a proof of loss.

"It occurs to me that it would be advisable for you to commence action against the American Insurance Company and require them to interplead the Lynn Mutual Insurance Company."

Apparently in response to this letter proofs of loss were furnished, for on June 14, 1932, the defendant wrote plaintiff's attorney as follows:

"We are herewith returning the proof of loss sent us by you on John Ciokewicz. We cannot accept this proof of

loss at this late date because we claim that no liability exists as the policy was not in force at the time of the loss and notice of the loss was not given in compliance with the rules and regulations of our company."

The plaintiff on adverse examination otherwise than as a witness at the trial stated that at the time the fire occurred, November 11, 1931, he believed he did not have any insurance with the Lynn Mutual Fire Insurance Company. The policy issued by the defendant company had the following provision with reference to termination:

"Any member of such corporation may withdraw therefrom at any time by giving notice in writing to the secretary, or in his absence to the president thereof, and paying his share of all claims then existing against such corporation. . . ."

It is clear from these facts that at the time of fire the defendant company had no notice of anything respecting cancellation, surrender, or rescission of the policy of insurance. There was at the time of the fire no termination of the contract because the defendant had not given notice as he was required to do by the provisions of the policy.

The rights of the parties became fixed when the loss occurred. An agreement of the parties and the return of a *pro rata* unearned premium will not exempt an insurer from liability for loss which had previously occurred while the policy was in force. *Duncan v. New York Mut. Ins. Co.* 138 N. Y. 88, 33 N. E. 730.

One party may breach the contract and thereby substitute payment of damages for the performance stipulated in the contract. An attempt to cancel, surrender, or rescind may amount to a breach for the reason that it may be held to be evidence of a refusal to further perform. In this case the insured intended to give notice when he left the policy with the agent of the American Insurance Company for delivery to the defendant, thereby for that purpose making that agent his own agent. His agent failed to carry out his principal's

instructions. His intent was never made manifest to the defendant. Suppose that in the situation that existed down to the time of the fire the defendant company had brought an action on account of premium or assessment due it, no one would suppose that the conduct of the insured in leaving the policy with a person to be delivered to the defendant, but who in fact never delivered or notified the defendant, operated to terminate the policy and relieve the insured from liability. See *McAllister v. New England Mut. Life Ins. Co.* 101 Mass. 558; 3 Williston, Contracts, §§ 1826, 1879.

It is next contended on behalf of the defendant that failure to give notice of the fire as required by the policy defeats plaintiff's right to recover. The policy contained the following provision: "If fire occur the insured shall give immediate notice of any loss thereby either verbally or in writing," etc.

Art. 2, sec. 5, of the by-laws provides: "When any member of this company shall sustain a loss or damage for which the company is liable, he should immediately notify the president or secretary, giving his location," etc.

No formal notice of loss was given, but on December 30th, forty-nine days after the fire, plaintiff's attorney wrote the defendant company a letter which contained notice of loss and a full statement of the situation with respect to the attempted cancellation. The policy contained no provision for forfeiture for failure to give notice as required by the terms of the policy or the by-laws. If a policy requires notice to be given but contains no provision to the effect that failure to give notice within the time limited works a forfeiture of the policy, failure to give notice as stipulated does not work a forfeiture but merely postpones the maturity of the claim under the policy. *Vangindertaelen v. Phenix Ins. Co.* 82 Wis. 112, 51 N. W. 1122; *Flatley v. Phenix Ins. Co.* 95 Wis. 618, 70 N. W. 828 (proofs of loss); *Klingler v. Milwaukee Mechanics Ins. Co.* 193 Wis. 72, 213 N. W. 669

(proofs of loss). See 14 Ruling Case Law, p. 1328 and cases cited; 26 Corp. Jur. p. 673 and cases cited.

The policy issued by the defendant contained the following clause:

"This company shall not be liable under this policy for a greater proportion of any loss on the described property or for loss by an expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, covering such property."

It is contended by the defendant that in view of this provision in the policy, the so-called valued policy law, sec. 203.21, Stats., which provides: "Whenever any policy of insurance is written to insure real property and the property insured is wholly destroyed, without criminal fault on the part of the insured or his assigns, the amount of the insurance written in such policy shall be taken conclusively to be the true value of the property when insured and the true amount of loss and measure of damages when destroyed," does not apply in this case. However, this court has held to the contrary. *Oshkosh Gas Light Co. v. Germania Fire Ins. Co.* 71 Wis. 454, 37 N. W. 819; *Eck v. Netherlands Ins. Co.* 203 Wis. 515, 234 N. W. 718.

As further supporting its position, the defendant cites sec. 203.215 of the Statutes, enacted in 1929, which provides:

"Whenever a condition is included in any fire insurance policy issued in this state that unless provided by agreement in writing added thereto the insuring company shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by such policy, such other or additional insurance, whether with or without knowledge of the insuring company, shall nevertheless not operate to relieve the insuring company from liability for loss or damage occurring while the insured shall have such other contract of insurance, whether valid or not. Subject to all other terms and conditions of its policy, each insuring

company shall be liable for its proportionate share of any such loss or damage, but in no event shall the insured be entitled to recover from any or all of such insuring companies a sum greater than his actual loss or damage."

It is obvious that sec. 203.215 does not apply in this case for the reason that the policy issued by the defendant company contains no condition which releases the defendant from liability while there is other insurance on the same property. Since by the terms of the policy sec. 203.215 is not applicable, we shall not undertake to determine whether sec. 203.215 operates to limit recovery under the valued policy law or whether, as claimed by the plaintiff, it applies only in cases where the loss is partial and not where the loss is total.

It is further argued that, the plaintiff having already been paid $1,300 by the American Insurance Company, if he be now permitted to recover the amount named in the policy of the defendant, his total recovery will exceed the value of the property. This is no doubt true. Most insurers protect themselves in a situation of that kind by including in their policies a provision that the insurer shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, etc., in which event sec. 203.215 appears to be applicable. The provisions of the valued policy law are valid and we perceive no reason why the law does not apply in this case. *Fox v. Milwaukee Mechanics' Ins. Co.* 210 Wis. 213, 246 N. W. 511. Courts cannot suspend the operation of statutes merely because an unexpected result may work out in a particular case. The valued policy law being applicable, it being stipulated that the property was totally destroyed and the fire was accidental, the plaintiff should have had judgment for the amount named in the policy, $1,400, with interest.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to enter judgment for the plaintiff as indicated in this opinion.