STATE EX REL. ARTHUR, District Attorney, Respondent, vs. SUPERIOR COURT OF DANE COUNTY and another, Appellants.

*June 9—June 30, 1950.*

For the appellants there was a brief by *Kersten & McKinnon* of Milwaukee, and oral argument by *Charles J. Kersten*.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Robert W. Arthur,* district attorney of Dane county, and oral argument by *Mr. Platz*.

HUGHES, J.  Counsel for appellant contends that because sec. 346.26, Stats., provides, ". . . It shall be the duty of the attorney general upon information to bring prosecutions for the violation of the provisions of sections 346.20 to 346.27," the authority given to the attorney general to prosecute violations of this law is exclusive.

Counsel cites *Wisconsin Gas & E. Co. v. Fort Atkinson* (1927), 193 Wis. 232, 213 N. W. 873, and *Fox v. Milwaukee Mechanics' Ins. Co.* (1933), 210 Wis. 213, 246 N. W. 511, to the effect that special provisions of the statutes are controlling over general provisions. There is no doubt of the existence of such rule; the question is whether it has any application to this case.

The statute places a direct burden upon the attorney general to proceed with prosecution in cases where information reaches him. There is, however, nothing in the wording of the statute which indicates any intention on the part of the legislature to deprive a district attorney of the right or duty

to proceed in such case where information of a violation reaches him.

Sec. 14.53, Stats., so far as material here, provides:

"The attorney general shall:

"(1) . . . when requested by the governor or either branch of the legislature, appear for the state and prosecute or defend in any court or before any officer, any cause or matter, civil or criminal, in which the state or the people thereof may be in anywise interested."

Sec. 14.531, Stats., provides in part:

". . . In any criminal action prosecuted by the attorney general, he and the deputy and assistant attorneys general shall have the same powers with reference to such action as are vested in district attorneys."

District attorneys are the prosecuting attorneys of their respective counties.

This court, in *State v. Peterson* (1928), 195 Wis. 351, 355, 356, 218 N. W. 367, said:

"It will be seen from these statutory provisions that the legislative scheme was and is that the district attorney shall prosecute all criminal actions in the courts of his county, and that where he is not able to do so for any reason the court shall appoint some suitable person in his place to prosecute. It will also be observed from the statutory scheme that it provides for every contingency that one can think of wherein the district attorney needs aid and where it may properly be given him and in what manner it may be given. In the prosecution of criminal actions the district attorney prosecutes for public wrongs, not for private wrongs, and such prosecution should be by a public officer and not a private party. This court has from its earliest days given full effect to our statutory scheme and has declared it to be the public policy of the state."

We are of the opinion that the language quoted from sec. 346.26, Stats., evidences an intention of the legislature to impose an additional duty upon the attorney general to the

end that all violations of the lobby statute should be prosecuted, and not to alter the district attorneys' duty to proceed in cases of violation occurring within the counties of their jurisdiction.

The duties resting severally upon the district attorney and the attorney general are simultaneous and compatible and create no conflict requiring strained construction.

The law has been long established that the attorney general may aid a district attorney in the prosecution of a criminal case when requested by the governor. *Emery v. State* (1899), 101 Wis. 627, 78 N. W. 145. The request may come from either branch of the legislature, and we see no reason why it may not be made generally at the time of enactment of a law. There is here presented no conflict between the district attorney and the attorney general on the conduct of the prosecution. The defense has no ground for objection.

*By the Court.*—Order affirmed.