REEDSBURG FARMERS MUTUAL FIRE INSURANCE COMPANY, Appellant, v. KOENECKE and wife, Respondents.

*October 9—November 3, 1959.*

For the appellant there was a brief by *Hill, Miller & Quale* of Baraboo, and oral argument by *James H. Hill, Jr.*

For the respondents there was a brief by *Hill, Dithmar & Greenhalgh* of Baraboo, and oral argument by *R. L. Greenhalgh.*

MARTIN, C. J.   Defendants own and reside upon a farm in Sauk county. For some years they purchased from the plaintiff a fire insurance policy upon the property located on the farm. In a renewal of the policy on July 1, 1956, for a five-year period, the barn on the premises was insured for $10,000.

Prior to July 1, 1956, defendants executed a mortgage on the premises as security for a loan made for the benefit of their son. The mortgagee thereafter obtained an insurance

policy upon the buildings on the premises from the American Insurance Company of Newark, New Jersey. This policy was taken in the name of Martin Koenecke with mortgage-clause indorsement for the benefit of the mortgagee. The policy was for one year, commencing July 1, 1956, and it insured the barn for $5,500. Reference is made in the briefs and the trial court's decision to an Exhibit 5, a letter of January 28, 1956, indicating that the plaintiff insurance company had knowledge of the existence of the mortgage.

On September 20, 1956, the barn was totally destroyed by fire. The value of the barn, the only question submitted to the jury in this case, was found to be $15,000.

A few days after the fire, defendants learned that the mortgagee had purchased a fire insurance policy in their behalf by virtue of a demand from the mortgagee that he be reimbursed for the premium paid. On September 27, 1956, defendants paid the mortgagee the amount of said premium.

Plaintiff company paid defendants the full policy amount of $10,000. The American Insurance Company, after negotiations, paid the defendants $4,350.

Plaintiff alleges it has overpaid the defendants under the prorata-loss provisions of its policy and seeks recovery of the alleged overpayment.

Sec. 203.21, Stats., the "valued insurance policy law," provides:

"Whenever any policy insures real property and the property is wholly destroyed, without criminal fault on the part of the insured or his assigns, the amount of the policy shall be taken conclusively to be the value of the property when insured and the amount of loss when destroyed."

In *Oshkosh Gas Light Co. v. Germania Fire Ins. Co.* (1888), 71 Wis. 454, 457, 37 N. W. 819, where insurance on the property destroyed was in seven different companies and in the aggregate amounted to more than double the

value of the property, this court held the statute applied, stating:

"The several concurrent policies were each written with the consent of the respective companies. This being so, the aggregate amount of such insurance written in the several policies is the value of such property as stipulated in each contract, and hence, as between the parties, must be regarded as conclusive, not only as to 'the true value of the property when insured,' but also as to 'the true amount of loss and measure of damages when destroyed.' This must be so, or the statute would be wholly ineffectual whenever there is more than one policy on the same property."

Thus, the decision indicates that the conclusion of the court was based on the fact that the several policies were written with the respective companies' consent.

Here there is no showing that either the plaintiff or the American Insurance Company knew of the issuance of the other's policy, and thus sec. 203.21, Stats., which the legislature has not changed since the *Oshkosh Case,* would appear not to apply.

Sec. 203.11, Stats., enacted in 1929 as sec. 203.215, provides:

"Whether or not a condition is included in any fire insurance policy issued in this state that unless provided by agreement in writing added thereto the insuring company shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by such policy, such other or additional insurance, whether with or without knowledge or permission of the insuring company, shall nevertheless not operate to relieve the insuring company from liability for loss or damage occurring while the insured shall have such other contract of insurance, whether valid or not. Subject to all other terms and conditions of its policy, each insuring company shall be liable for its proportionate share of any such loss or damage, but in no event

shall the insured be entitled to recover from any or all of such insuring companies a sum greater than his actual loss or damage."

An amendment to the prorata statute in 1949 substituted the words "whether or not a condition" for "whenever a condition" in the first sentence. Before the amendment this court held, in *Ciokewicz v. Lynn Mut. Fire Ins. Co.* (1933), 212 Wis. 44, 51, 248 N. W. 778:

"It is obvious that sec. 203.215 does not apply in this case for the reason that the policy issued by the defendant company contains no condition which releases the defendant from liability while there is other insurance on the same property. Since by the terms of the policy sec. 203.215 is not applicable, we shall not undertake to determine whether sec. 203.215 operates to limit recovery under the valued policy law or whether, as claimed by the plaintiff, it applies only in cases where the loss is partial and not where the loss is total.

"It is further argued that, the plaintiff having already been paid $1,300 by the American Insurance Company, if he be now permitted to recover the amount named in the policy of the defendant, his total recovery will exceed the value of the property. This is no doubt true. Most insurers protect themselves in a situation of that kind by including in their policies a provision that the insurer shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, etc., in which event sec. 203.215 appears to be applicable. The provisions of the valued policy law are valid and we perceive no reason why the law does not apply in this case. *Fox v. Milwaukee Mechanics' Ins. Co.* 210 Wis. 213, 246 N. W. 511. Courts cannot suspend the operation of statutes merely because an unexpected result may work out in a particular case. The valued policy law being applicable, it being stipulated that the property was totally destroyed and the fire was accidental, the plaintiff should have had judgment for the amount named in the policy, . . ."

Thus it was held that the prorata statute did not apply because the policy in question did not contain the condition referred to in the statute. However, by the 1949 amendment changing the language of the statute from "whenever" to "whether or not," it became immaterial whether a policy contains the condition or not, indicating that the legislature intended the statute to apply to all policies.

In this case the $10,000 insurance written on the defendants' barn was two thirds of the value of the property, the by-laws of the plaintiff, a mutual company, prohibiting the insuring of any property for more than two thirds of its full value. Plaintiff alleges it had no knowledge of the issuance of the policy by American; all that appears of record is that it knew of the existence of the mortgage. Finding 6 of the trial court's findings of fact reads:

"That although the applications for renewal of the policy with the plaintiff insurance company did not specify the existence of the mortgage, the plaintiff company had knowledge of the mortgage on and before July 1, 1956."

We cannot assume that the company knew of the American policy and, hence, under the *Oshkosh Case, supra,* sec. 203.21, Stats., does not apply.

In obtaining the American policy, the mortgagee was insuring its interest in the property as security for the loan. The aggregate of the policies amounted to $15,500. This sum, exceeding by only $500 the value of the barn as found by the jury, in no way indicates an intention on the part of the defendants to overinsure the property. Indeed, the trial court found the defendants had no knowledge of the American policy until after the loss occurred.

It must be held that sec. 203.11, Stats., applies and the plaintiff is entitled to recover of the defendants the amount by which its payment of $10,000 exceeds its prorata share

of the loss. In making the computation under the statute the amount of insurance written by American on the barn, rather than the amount for which it settled with the defendants, is to be used.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for the plaintiff on a prorata basis under sec. 203.11, Stats.