**WISCONSIN SCREW COMPANY,**
Plaintiff,

v.

**DETROIT FIRE & MARINE INSURANCE COMPANY OF DETROIT, MICHIGAN, and Springfield Fire and Marine Insurance Company, and Chris Schroeder & Son, Inc., Defendants.**

No. 57-C-284.

United States District Court
E. D. Wisconsin.
April 22, 1960.

Jacob Weisman, Racine, Wis., Norman Skogstad, Martin J. Torphy, Milwaukee, Wis., for plaintiff.

John P. Gorman, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., Reginald

W. Nelson, Whyte, Hirschboeck & Minahan, Milwaukee, Wis., for defendants.

TEHAN, Chief Judge.

This action, originally filed by the plaintiff, Wisconsin Screw Company, against the defendants, Detroit Fire & Marine Insurance Company of Detroit, Michigan, and Springfield Fire and Marine Insurance Company, in the Circuit Court of Racine County, Wisconsin, was removed to this court on November 22, 1957. The plaintiff filed an "Answer to Removal Petition" on December 11, 1957, asking that the case be remanded. On or about December 27, 1957, and before any action was taken in this court, the plaintiff filed an amended complaint in the Circuit Court of Racine County, joining Chris Schroeder & Son, Inc. as an additional party defendant. The defendants, Detroit Fire & Marine Insurance Company and Springfield Fire and Marine Insurance Company then filed a motion to restrain the plaintiff from attempting to proceed further in the state court. Pursuant to stipulation of the parties, the court ordered the plaintiff to refrain from further proceeding in the state court, and ordered that the plaintiff's amended complaint filed in that court may stand as its amended complaint in this court, that Chris Schroeder be treated as an involuntary plaintiff, pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and that the prayer in the plaintiff's answer to the removal petition be withdrawn.

In its amended complaint, the plaintiff alleges that on February 25, 1957, each of the defendant insurers executed and delivered to the plaintiff a policy of insurance insuring the plaintiff in the amount of $15,000 against loss or damage by fire to a warehouse owned by the plaintiff and located in the rear of 2120–2128 Clark Street in the City of Racine, Wisconsin; that each policy contained a mortgage clause in favor of the defendant, Chris Schroeder, that the insured property was totally destroyed by fire on April 28, 1957, while the policies were in full force and effect, that the plaintiff gave notice of the loss to the defendants, and furnished proofs of loss as required by the policy, that the defendants have refused to pay the loss and have denied liability under the policies, and that each defendant is indebted to the plaintiff on the policies in the amount of $15,000 and has refused to pay said indebtedness upon demand.

The defendant insurers have answered, denying that the insured building was totally destroyed, that the plaintiff performed the conditions of the policy or that the plaintiff complied with the policy requirements. Both allege that the plaintiff failed to file a proof of loss in accordance with the policy requirements. Both also claim that under § 203.11, Wisconsin Statutes [1], their liability does not exceed the actual loss sustained by the plaintiff, which they allege does not exceed $10,000.

On March 4, 1958, the plaintiff filed a motion for summary judgment, supported by affidavits of Calman S. Pruscha, Al J. Seitz and Peter P. Brown, Sr.

In his affidavit, Calman S. Pruscha states that he is the President of the plaintiff, that the defendant insurers

---

[1]. "§ 203.11 Effect of other policies on same risk. Whether or not a condition is included in any fire insurance policy issued in this state that unless provided by agreement in writing added thereto the insuring company shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by such policy, such other or additional insurance, whether with or without knowledge or permission of the insuring company, shall nevertheless not operate to relieve the insuring company from liability for loss or damage occurring while the insured shall have such other contract of insurance, whether valid or not. Subject to all other terms and conditions of its policy, each insuring company shall be liable for its proportionate share of any such loss or damage, but in no event shall the insured be entitled to recover from any or all of such insuring companies a sum greater than his actual loss or damage."

each issued a $15,000 policy on February 25, 1957, insuring the plaintiff against loss or damage by fire to the warehouse in the rear of 2120–2128 Clark Street, Racine, that the building, a three-section one story frame construction, was totally destroyed by fire on April 28, 1957, and that the plaintiff gave notice of the loss to the defendant insurers and furnished proofs of loss as required by the policy. Attached to the affidavit were copies of the proofs of loss and six photographs of the insured building which Pruscha stated were taken after the fire by one Peter J. Haas, and correctly represent its present condition.

Peter P. Brown, Sr. states in his affidavit that he is the Building Inspector for the City of Racine, that he examined the insured building after the fire of April 28, 1957 and the photographs attached to Pruscha's affidavit, that the photographs correctly show the condition of the building as a result of the fire and that the building was totally destroyed. The affidavit of Al J. Seitz, an architect, sets forth the same facts, in more detail, as that of Brown, and Seitz also states that he observed the building before the fire.

The defendants in turn have filed the affidavit of Gerald Maier, a civil engineer and employee of Charles Maier & Son Company, a Wisconsin corporation, which is in the general contracting business, in opposition to the plaintiff's motion for summary judgment. Mr. Maier stated that he had four years of experience in preparing estimates and appraisals and supervising the performance of contracting work, that he examined the insured building after the fire and prepared an estimate of the cost of repairing damage caused by the fire, that the cost of such repairs would be $10,971.74, and that he made an appraisal of value of the building, using a depreciation figure of 1% per year and determined that

its value prior to the fire was not in excess of $12,264.80.

The defendants contend that a genuine issue of material fact concerning the amount of loss sustained exists and that the motion for summary judgment should therefore be denied.

Such was the state of the pleadings and affidavits on May 12, 1958. However, some months later, and on September 24, 1958, the plaintiff and defendant insurers filed a stipulation that, for the purposes of the motion for summary judgment, the warehouse was totally destroyed by the fire of April 28, 1957. They further stipulated that on February 25, 1957, Chris Schroeder & Son, Inc. was an agent of the defendant, Detroit Fire & Marine Insurance Company of Detroit, Michigan, and on that day issued and delivered to the plaintiff its policy involved herein, that on February 25, 1957, Chris Schroeder & Son, Inc. was an agent of Springfield Fire and Marine Insurance Company, and on that day issued and delivered to the plaintiff its policy involved herein, and that on February 25, 1957 Chris Schroeder & Son, Inc. simultaneously issued and delivered both policies to the plaintiff. Since the issue of fact originally raised by the defendants would be material only in the event the court rejects the plaintiff's contention that the amount of loss is governed by § 203.21 Wisconsin Statutes,[2] the Wisconsin valued policy law, we understand the defendants to be joining the plaintiff in asking this court to determine the legal question presented.

The legal question presented to us for decision is whether the valued policy law is applicable when the property which was totally destroyed was covered by two policies of insurance issued by two separate companies through one agent, or whether § 203.11, limits recovery to the actual loss or damage sustained. If the valued policy law governs, the amount

2. "§ 203.21 Total loss measured by amount written in policy. Whenever any policy insures real property and the property is wholly destroyed, without criminal fault on the part of the insured or his assigns, the amount of the policy shall be taken conclusively to be the value of the property when insured and the amount of loss when destroyed."

of loss is by operation of law the amount of the policies covering the premises and the issue raised by the defendants as to the actual loss sustained by plaintiff is immaterial.

It is clear that, had only one policy been issued in the amount of $30,000, the plaintiff would be entitled to recover $30,000 after complying with the policy requirements and conditions, even if its actual loss were, as contended by the defendants, less than half of that amount. Fox v. Milwaukee Mechanics' Insurance Company, 1933, 210 Wis. 213, 246 N.W. 511.

It is also clear that, had this case been presented prior to the enactment of § 203.215, Wisconsin Statutes, in 1929, forerunner of § 203.11, the plaintiff would have been entitled to recover the aggregate amount of insurance in the two policies issued by the defendants. Oshkosh Gas Light Company v. Germania Fire Insurance Company, 1888, 71 Wis. 454, 37 N.W. 819.

The Supreme Court of Wisconsin has never passed on the precise question of whether § 203.11 operates to limit recovery under the valued policy law.

In 1933, in the case of Ciokewicz v. Lynn Mutual Fire Insurance Company, 1933, 212 Wis. 44, 248 N.W. 778, at a time when § 203.215, the predecessor of § 203.11, was in existence, the court acknowledged the existence of the question but found it unnecessary to pass upon it. At that time the section, then numbered § 203.215 provided:

"Whenever a condition is included in any fire insurance policy issued in this state that unless provided by agreement in writing added thereto the insuring company shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by such policy, such other or additional insurance, whether with or without knowledge of the insuring company, shall nevertheless not operate to relieve the insuring company from liability for loss or damage occurring while the insured shall have such other contract of insurance, whether valid or not. Subject to all other terms and conditions of its policy, each insuring company shall be liable for its proportionate share of any such loss or damage, but in no event shall the insured be entitled to recover from any or all of such insuring companies a sum greater than his actual loss or damage."

The policy with which the Supreme Court was there concerned, which was one of two fire insurance policies covering the same property which had been totally destroyed by fire, did not include a condition releasing the defendant from liability while there is other insurance on the same property, set forth in the statute. When the defendant therein advanced the argument that § 203.215 should be applied instead of the valued policy law, the court said, 212 Wis. at page 51, 248 N.W. at page 781:

"It is obvious that sec. 203.215 does not apply in this case for the reason that the policy issued by the defendant company contains no condition which releases the defendant from liability while there is other insurance on the same property. Since by the terms of the policy section 203.215 is not applicable, we shall not undertake to determine whether section 203.215 operates to limit recovery under the valued policy law, or whether, as claimed by the plaintiff, it applies only in cases where the loss is partial and not where the loss is total."

In a dicta statement in the language immediately following the above the court quite clearly indicates that had the policies contained conditions releasing the insurers from liability while there was other insurance on the same property, § 203.215 would apply and limit recovery to actual loss or damage.

"It is further argued that the plaintiff having already been paid

$1,300 by the American Insurance Company, if he be now permitted to recover the amount named in the policy of the defendant, his total recovery will exceed the value of the property. This is no doubt true. Most insurers protect themselves in a situation of that kind by including in their policies a provision that the insurer shall not be liable for loss or damage occurring while the insured shall have any other contract of insurance, etc., in which event section 203.215 appears to be applicable."

In 1933, § 203.215 was renumbered § 203.11, and in 1949 it was amended to its present form. The phrase "Whenever a condition is included" was amended to read "Whether or not a condition is included". It is our opinion that the only point decided by the Ciokewicz case with respect to § 203.215 was that that section did not apply because the policy involved did not contain the condition required by the statute, and that the subsequent amendment to the statute, abrogating the necessity for such condition, nullified that case's effect as authority.

The only other Wisconsin Supreme Court case involving the question now facing the court is Reedsburg Farmers Mutual Fire Ins. Co. v. Koenecke, 1959, 8 Wis.2d 408, 99 N.W.2d 201, decided by the Wisconsin Supreme Court on November 3, 1959.

A short statement of the facts of the Reedsburg case will be helpful. On July 1, 1956, the plaintiff insurer issued a $10,000 policy insuring the defendants' barn against loss or damage by fire for a five-year period. Prior to that date, the defendants had executed a mortgage on the insured premises. Unknown to the defendants or the plaintiff, the mortgagee procured insurance on the same premises, taking a $5,500 policy in the name of one of the defendants with a mortgage clause endorsement for his own benefit. The barn was completely destroyed by fire while both policies were in effect, but before either the plaintiff or the defendants knew of the existence of the second policy. The plaintiff overpaid its proportionate share of the loss and brought an action to recover a portion of the payment.

The defendant insureds in that case contended that where their property had been totally destroyed, they were entitled to recover the full amount of the two policies under the valued policy law (§ 203.21) by virtue of the principle established in Oshkosh Gas Light Company v. Germania Fire Insurance Company, 1888, 71 Wis. 454, 37 N.W. 819, and like cases. In the court's opinion, Chief Justice John Martin disposed of this contention by pointing out that the Oshkosh decision indicates that the conclusion of the court there was based on the fact that several policies were written with their respective companies' consent, whereas in the case before him, there was no showing whatever of knowledge or consent on the part of the insured or insurer.

As we read the Reedsburg decision, the court's holding that the Oshkosh doctrine was inapplicable under the facts, disposed of the defendant insureds' claim to the benefits of the valued policy law, and that it was unnecessary to determine whether there was any vitality or validity left in the Oshkosh rule in view of the subsequent enactment in 1929 of § 203.215 (pro rata statute), now amended and renumbered as § 203.11.

To put it another way, we believe that had the court not been able to dispose of the contention on the fact issue of knowledge, we see no alternative that the court would have, but to determine whether knowledge had any materiality whatsoever under the express statutory language of § 203.11 "whether with or without knowledge or permission of the insuring company."

We think it unnecessary to go into the reasoning of the court in holding that § 203.11 was applicable under the circumstances. The significant fact is that this was the first multiple policy total loss case before the Supreme Court

since the enactment of the pro rata law in 1929 [3] and the Supreme Court held that § 203.11 was applicable.

The early briefs in this case were filed well before the Reedsburg decision was handed down. We understand the plaintiff's position—pre-Reedsburg—to have been that the valued policy law applied in every case of total loss and that § 203.11 was never a limitation upon § 203.21, but was applicable only to cases of partial loss. The Reedsburg case did considerable violence to this position. We read the briefs which the court invited to be filed after the Reedsburg decision to establish the plaintiff's position as being that the valued policy law applies to all cases of multiple policies on real estate totally destroyed by fire written with the consent or knowledge of the respective companies under the ruling of the Oshkosh case, and that the pro rata statute § 203.11, applies only to multiple policies on real estate totally or partially destroyed issued without the consent of the respective insurance companies. We think this secondary position has no more validity than the first.

The Reedsburg case decided conclusively that the valued policy is not always applicable when the insured property has been totally destroyed, but that its application is qualified by § 203.11. Section 203.11 by its very terms limits the liability of the insurer to its proportionate share of the actual loss when the insured has other insurance on the same property as that covered by its policy "whether with or without knowledge or permission of the insuring company". Knowledge and consent are immaterial under that section. We believe therefore that the ruling in the Reedsburg case must be extended to include all cases where multiple policies of insurance cover the same property and that under that ruling § 203.11 rather than the valued policy law governs the amount of recovery.

An unreported decision of Judge Richard W. Orton of the Circuit Court of Lafayette County, Wisconsin in the case of Paul E. Saalsaa and Lilas Saalsaa v. Badger Mutual Insurance Company, (January 25, 1957) which was not cited to the Wisconsin Supreme Court by the parties to the Reedsburg case, considers the question which the Wisconsin Supreme Court was not required to discuss and is precisely in point. This decision is so well reasoned and reflects such comprehensive research that it merits extended quotation:

"Amended Third Separate Defense

"Under this defense defendant claims that the provisions of sec. 203.21, Wis.Stats., (valued policy law) are not applicable to the determination of defendant's liability herein because at the time of the loss in question there was other insurance in effect on the destroyed property. Defendant contends that since there was more than one insuring company on the risk the provisions of sec. 203.11 apply, which statute prevents plaintiffs from recovering from any or all of the insuring companies a sum greater than plaintiffs' actual loss or damage.

"Plaintiffs contend that sec. 203.21 governs the determination of their damages because such statute contains no provisions limiting application thereof to cases in which the destroyed premises is insured by only one insuring company. Plaintiffs further contend that sec. 203.11 applies only to cases involving partial loss of the insured property and not to cases involving total destruction thereof and that, therefore, sec. 203.11 has no application to the loss involved in this action.

3. Ciokewicz v. Lynn Mutual Fire Insurance Company, 1933, 212 Wis. 44, 248 N.W. 778, involves an insurance policy which was otherwise ineligible for the application of the law.

Eck v. Netherlands Insurance Company, 1931, 203 Wis. 515, 234 N.W. 718, although decided after the enactment of § 203.215, arose before 1929 and did not consider the applicability of that section.

"Subsequent to the adoption of our valued policy law (Chap. 347, Laws of 1874) but prior to the adoption of sec. 203.11 (Chap. 456, Laws of 1929) our court held that the valued policy law applies when several concurrent policies issued by different companies exist upon the same risk. Oshkosh Gas Light Co. vs. Germania Fire Ins. Co., 71 Wis. 454 [37 N.W. 819]. This case would govern the instant situation unless the subsequent adoption of sec. 203.-11 has changed the rule. Since the adoption of sec. 203.11 the court has not had occasion to specifically reexamine the problem.

"Sec. 203.11 first appeared in the 1929 statutes as sec. 203.215 and immediately followed the valued policy law (sec. 203.21). By a revision in 1933 sec. 203.215 became sec. 203.11 as it is now numbered. The original numbering and placement of sec. 203.215 in the statutes seems highly indicative to the Court that it was the intent of the legislature to modify and restrict the application and effect of the valued policy law to those situations in which the risk was insured by only one insuring company and that in all cases where there was more than one insuring company then none of the insurers could effectively claim complete freedom from liability (whether or not their policy contained an 'other insurance' clause) but each would be liable for its proportionate share of the insured's *actual loss or damage.*

"Our court has clearly defined the purpose of and the public policy underlying sec. 203.21 in the cases of Reilly vs. Franklin Ins. Co., 43 Wis. 449 and Fox vs. Milwaukee Mechanic's Ins. Co., 210 Wis. 213 [246 N.W. 511]; also see Struebing v. American Ins. Co., 197 Wis. 487, 493 [222 N.W. 831]. The prevention of over-insuring property and the abolition of the evils and inequities which result therefrom are the paramount purposes of sec. 203.-21. It seems apparent that if an insured is to be permitted to over-insure his property with several companies and then collect the full face amount of each policy from each company in case of a total loss and thereby secure a total indemnification far in excess of his actual loss that the very purpose and policy of the valued policy law has been effectively nullified and the evils which it sought to guard against are nurtured and furthered by the law rather than suppressed.

"To rule that sec. 203.11 applies only to cases involving partial loss of the insured property would require reading into the statute words which are not there. To rule that sec. 203.21 is in no manner modified or restricted in its application by sec. 203.11 would be completely ignoring the declared purpose of our valued policy statute and would effectively nullify the entire last sentence of sec. 203.11 except in partial loss cases.

"Our Supreme Court in the case of Ciokewicz vs. Lynn Mutual Fire Ins. Co., 212 Wis. 44 [248 N.W. 778], refused to determine whether sec. 203.215 (now sec. 203.11) operates to limit recovery under the valued policy law. However, [212 Wis.] at p. 51 [248 N.W. at page 781] of that decision, the court, in a dicta statement, seems to indicate clearly that if the concurring policies contain 'other insurance' clauses sec. 203.11 would apply and would limit recovery to a sum not greater than insured's actual loss or damage. This statement in the Ciokewicz case further convinces the Court in the instant case that determination of liability herein is governed by sec. 203.11 and not sec. 203.21."

We believe that this decision by one of the highest courts of original jurisdiction in the State of Wisconsin, considering as it does, the precise question of

state law involved in the case at bar, must be accorded great weight.

For the above and foregoing reasons, this court holds that the plaintiff is not entitled to judgment as a matter of law in the amount of the policies under the valued policy law, § 203.21, Wisconsin Statutes. The motion for summary judgment in such respect is therefore denied.