162 So. 177

**HART v. NORTH BRITISH & MERCAN-TILE INS. CO.**

No. 32842.

April 29, 1935.

Rehearing Denied May 27, 1935.

Jackson & Smith, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

LAND, Justice.

On August 6, 1931, defendant insurance company issued to plaintiff a full valued policy against loss or damage by fire, in an amount not to exceed $3,500, and covering a one story frame building in the Howard Cole subdivision of the city of Shreveport.

On December 7, 1932, while the policy was in full force and effect, it is alleged that the building insured was destroyed by fire, without fault on the part of petitioner.

Petitioner was the sole and unconditional owner of the building and the lot on which it was located at the time of the loss by fire.

Petitioner gave the defendant company immediate notice of the fire and loss sustained by her, and prepared and submitted to it on February 3, 1932, due proof of loss, furnishing such information as requested by defendant, on blank forms by it submitted for that purpose; and petitioner likewise complied with all the other conditions and obligations imposed upon her by the terms of the policy.

On March 21, 1932, defendant company paid to plaintiff, under a nonwaiver agreement, the sum of $1,666, being the amount admitted by it as due under its policy.

On October 14, 1932, the present suit was filed by plaintiff against defendant company for the full face of the policy in the sum of $3,500, less a credit of $1,666, previously paid, and for 12 per cent. additional thereon as statutory damages, for failure of the insurer to pay the loss within sixty days after amicable demand, and $250 as attorney's fees, for the prosecution of the suit.

Defendant resists payment on the ground that the building was not totally destroyed by fire, and on other grounds hereafter to be considered in this opinion.

Judgment was rendered in favor of plaintiff in the sum of $1,834, the difference between the credit of $1,666 and the full face of the policy for $3,500, with legal interest thereon from April 3, 1932, until paid, and 12 per cent. additional thereon as statutory damages, and $250 attorney's fees.

From this judgment, defendant company has appealed.

■ 1. As petitioner was the sole and unconditional owner of the building and of the lot upon which it was located at the time of the loss by fire, the insurance was "on property *immovable* by nature and situate in this State," and, in such case, under the provisions of Act No. 135 of 1900, the full valued policy law of this state, it is provided that if "the said property shall be either partially damaged or totally destroyed, without criminal fault on the part of the insured or his assigns, *the value of the property* as assessed by the insurer or as by him permitted to be assessed at the time of the issuance of the policy, *shall be conclusively taken to be the true value of the property at the time of*

*the issuance of the policy and the true value of the property at the time of the damage or destruction."* Section 1. (Italics ours.)

It is further provided in Act No. 135 of 1900 that "whenever any policy of insurance against loss by fire, is *hereafter* written or renewed on property situate in this State, and the said property *shall be totally destroyed* without criminal. fault upon the part of the insured or his assigns, *the full amount of the insurance on the property so destroyed shall be paid by the insurer."* Section 2. (Italics ours.)

It is not pretended in this case that the property was destroyed by the criminal fault of the insured.

2. The first and main issue to be decided is whether the facts in the case show a partial destruction of the building, to be indemnified by the partial payment of $1,666 as the damage suffered, or whether the facts show, with reasonable certainty, a total loss, to be indemnified by the full payment of the full face of the policy, the sum of $3,500.

In Great Western Insurance Company v. Fogarty, 19 Wall. 640, 644, 22 L. Ed. 216, which was an action on a policy of marine insurance, the Supreme Court of the United States held that the doctrine of an absolute extinction of the thing insured is not the true doctrine.

In the case of Wallerstein v. Insurance Company, 44 N. Y. 204, 4 Am. Rep. 664, an action on a policy of marine insurance,

the court said: "In cases like the present, the chief question has been, whether there must be *an actual total physical loss* of the thing insured, or whether there may be *a constructive total loss;* whether there must be demolition and annihilation, or whether a *destruction of all value to the owner,* and hence a total loss to him is sufficient. The current of authorities, both in this country and in England, as well as the conclusion of elementary writers, is in favor of *the doctrine of constructive loss."* (Italics ours.)

In the case of Monteleone v. Royal Insurance Company, 47 La. Ann. 1563, 18 So. 472, 473, 56 L. R. A. 784, the court said: "A total loss may be claimed *though the walls of a building stand, and the elements that composed it be not entirely consumed.* It is the same, we think, *when the insured building cannot be made secure by repairs.* Nor will it make any difference, in such cases of *constructive total loss,* that the condition after the fire is due in part to causes existing before. Such causes are deemed the remote, not the proximate, causes of the loss." (Italics ours.)

In the case of Williams v. Hartford Insurance Company, 54 Cal. 442, 35 Am. Rep. 77, the Supreme Court of California, in approving the following charge by the trial court to the jury, said: "A total loss does not mean an absolute extinction. The question is not whether all the parts and materials composing the building are

absolutely or physically destroyed, but whether, after the fire, the thing insured still exists as a building. Although you may find the fact that after the fire *a large portion of the four walls were left standing, and some of the iron-work still attached thereto,* still if you find that the fact is' that the building has lost its identity and specific character *as a building,* you may find that *the property was totally destroyed* within the meaning of the policy." (Italics ours.)

In Re McCabe's License, 11 Pa. Super. 560, 3 Words and Phrases, page 2031, the Superior Court of Pennsylvania said: "The word 'destroy' has on more than one occasion been construed to describe the act which, *while rendering useless for the purpose for which it was intended,* did not literally demolish or annihilate the thing." (Italics ours.)

In the case of Manchester Fire Insurance Company v. Feibelman, 118 Ala. 308, 23 So. 759, the Supreme Court of Alabama said: "A 'destruction' of property, within the meaning of the law of fire insurance, is shown by evidence that the insured building *was so damaged as to render it useless for the purpose for which it had been used. 'If rendered useless for the purpose for which the property was used, the plaintiff's right to recover insurance * * * was complete. If what remained of the property so insured was of any value, the insurer was entitled to it.'* " (Italics ours.) 3 Words and Phrases, p. 2031.

In the case of Havens v. Germania Fire Insurance Company, 123 Mo. 403, 27 S. W. 718, 723, 26 L. R. A. 107, 45 Am. St. Rep. 570, the Supreme Court of Missouri said: "The words 'wholly destroyed' have been placed in statutes like this in many of the states of the Union, and, so far as we have been able to find, the construction appears to be uniform, that, as applied to buildings, they mean totally destroyed *as a building,* although there is not an absolute extinction of all its parts. It matters not *that some debris remains, which may be useful or valuable for some purposes."* (Italics ours.)

The fire in the present case actually consumed and destroyed 75 per cent. of the property insured; the remaining 25 per cent. was so damaged as to become worthless for building purposes; and the city of Shreveport ordered the débris remaining after the fire to be demolished and removed, because it was a nuisance, and the cost of demolition and removal exceeded its value by $12.

The property insured was a dwelling house. The fire rendered it useless for the purpose for which it was used; it was totally destroyed, as a building, as all of its value as such to the owner was destroyed, and hence a total loss to her. The right of petitioner, as the owner, to recover insurance for the face of the policy in this case was therefore complete.

3. The contention of defendant insurance company that the building was only

partially destroyed by fire, and that it was the action of the city authorities, in causing the demolition of the building, that brought about the greater destruction of the building, is without merit.

■ This contention, of course, is based upon the false premise that a building must be absolutely or physically destroyed by fire, in order to constitute a total loss. Such is not the uniform and established doctrine, as shown by the numerous cases above cited in this opinion, since a *constructive* total loss only is required in order to recover the face of the policy under the valued policy law, and this loss had occurred by fire, prior to the demolition of the building by the city authorities.

■ It was permissible, therefore, on the trial of the case, for petitioner to prove that, after the building had been damaged, the city building inspector refused to permit her to repair it, and that the city council thereafter ordered the building demolished, in order to sustain her contention of *constructive total loss.*

The record is barren of any evidence to show that defendant insurance company, at any time, had applied to the city building inspector for a permit to repair the building, and, had defendant done so, the presumption is that such application would have been refused.

■ 4. In the alternative, defendant company contends that any loss sustained by the plaintiff beyond the amount of $1,666, already paid by defendant, was not direct loss or damage by fire, but was occasioned by ordinance or law regulating the construction or repair of buildings, and by order of the civil authorities, and that, under the terms of the policy, defendant was not liable for same.

The policy issued by defendant, and made the basis of this suit, provides: "This company shall not be liable for loss caused directly or indirectly * * * by order of any civil authority."

The policy further provides: "This company shall not be liable * * * for loss occasioned by ordinance or law regulating construction or repair of building."

It is true that the New York Standard Form of policy was made compulsory in this state by section 22 of article 3 of Act No. 105 of 1898, p. 151, and that they exempted the insurers from liability for "loss occasioned by ordinance or law regulating construction or repair of buildings."

It is also true that the policies issued under Act No. 105 of 1898 *covered both movables and immovables* and provided, *among other things, that the company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage is to be ascertained or estimated, according to such actual cash value,* with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality.

*The only valued policy insurance statute* in this state is Act No. 135 of 1900, and this statute only relates *to immovable property*. There is no valued policy statute *as to movables* in this state. It is clear, therefore, that *the valued policy act*, Act No. 135 of 1900, did not repeal Act No. 105 of 1898 *as respects movable property*, in view of *the clause repealing only* laws or parts of laws *in conflict with* the act.

In Lake Arthur Dredging Co., Inc. v. Mechanics' Ins. Co. of Philadelphia, 162 La. 1090, page 1099, 111 So. 466, 469, it is said:

"It is contended that the valued policy act of 1900 *repealed* the standard policy act of 1898.

"In this counsel is clearly in error. The decision cited as holding that the act of 1898 was repealed is the N. O. Real Estate, etc., v. Teutonia Insurance Co., 128 La. [45], 63, 54 So. 466.

"The court there was dealing with an insurance policy *on immovable property*. The court [128 La. 45], on page 66, 54 So. 473, of the opinion on rehearing, said:

" 'It is true that the policy contains a clause, before quoted, which seeks to limit the liability of the insurer; that is, that the insurer will not be held liable for *the acts of the civil authorities,*' etc. 'But this law, in our view, has been repealed.'

"As a matter of course the act of 1898 *was repealed* in so far as it concerns *insurance on property immovable by destination, but the act did not repeal the former statute* in so far as it related to *movable property*.

"The repealing clause *only repeals* all laws *or parts of laws in conflict* with the act." (Italics ours.)

As section 22 of article 3 of Act No. 105 of 1898 has related solely to insurance *on movables,* since the enactment of Act No. 135 of 1900, it is clear that Act No. 255 of 1914, amending and re-enacting that section, must be considered still to so relate, as it does not specifically include *immovables;* as it does not refer to the valued policy act, Act No. 135 of 1900; and, besides, is without repealing clause. Repeal by implication is not favored in law, and it is not judicially possible in this case to maintain such repeal. As Act No. 255 of 1914 is not applicable to the present case, a suit on a valued insurance policy covering *an immovable,* it is not necessary that the provisions of the act should be detailed or discussed in this opinion.

5. It is further argued that the plaintiff is estopped from prosecuting this suit because she did not obtain a permit from the city building inspector to rebuild the insured property, and did not prevent its demolition or removal by the city.

Plaintiff was not under the obligation to do either, since the policy sued upon is a full valued policy on an immovable, and defendant company is liable for the face of the policy, whether any loss resulted directly or indirectly from the action of the civil authorities, and defendant

company cannot escape liability in this case by inserting in the policy exemptions from liability for conditions which apply only *to insurance on movable property* under Act No. 105 of 1898.

The valued policy is controlling, as it is a measure in the public interest in order to secure greater certainty in the contract of insurance.

The valued policy statute must be regarded as part of the policy of insurance, and the amount written in the policy as liquidated damages agreed upon by the parties, and this is so, notwithstanding the policy is inconsistent therewith.

Where the subject of fire insurance is *immovable property,* the agreement between the company and the assured that the property should be considered personal or movable, or that the loss should be settled under conditions which relate to policies on movable property, is invalid, as in violation of the valued policy.

Under the valued policy statute of this state, the agreement of the insured in the policy, in case of loss, to let the loss be. adjusted by arbitration is invalid, as the valued policy law must prevail.

Any attempt to limit the insurer's liability in conflict with the valued policy statute cannot be of any avail. New Orleans Real Estate M. & S. Co. v. Teutonia Ins. Co., on rehearing, 128 La. 67, 54 So. 466; Western Assurance Co. v. Phelps, 77 Miss. 625, 27 So. 745; Queen Insurance Co. v. Leslie, 47 Ohio St. 409, 24 N. E.

1072, 9 L. R. A. 45; Word v. Southern Mutual Insurance Co., 112 Ga. 585, 37 S. E. 897; Havens v. Germania Fire Insurance Co., 123 Mo. 403, 27 S. W. 718, 26 L. R. A. 107, 45 Am. St. Rep. 570.

The plea of estoppel filed by defendant company is therefore without merit and is overruled.

Judgment affirmed.