166 So.2d 59 (1964)
SOUTHERN PRODUCE COMPANY, Inc.
v.
The AMERICAN INSURANCE COMPANY OF NEWARK, NEW JERSEY.
No. 1469.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 1964.
Rehearing Denied July 15, 1964.
Writ Refused October 9, 1964.
P. A. Bienvenu, Bienvenu & Culver, New Orleans, for defendant-appellant.
Walter D. Kelly, New Orleans, for plaintiff-appellee.
Before McBRIDE, REGAN and CHASEZ, JJ.
CHASEZ, Judge.
Southern Produce Company, Inc., sued its insurer, The American Insurance Company *60 of Newark, New Jersey, seeking recovery for the loss by fire of large refrigeration units. The units had been installed by plaintiff to provide cold storage space in a building leased by plaintiff under a lease which provided that any and all improvements made to the property of the lessor would remain the property of the lessor at the termination of the lease.
The dispute is a question of law and the quantum to be set as a result of the interpretation of the law. Defendant contends that under an "Improvement and Betterments" clause in the policy, its liability is limited to the value of plaintiff's remaining period of use of the refrigeration unit. Plaintiff contends that the valued policy law, LSAR.S. 22:695, requires payment of face value of the policy less salvage.
From a judgment for $3,800.00 in plaintiff's favor, defendant appeals.
Defendant's position is based on the fact that at the time of the fire only five months remained of the sixty-month lease. The argument is, not that plaintiff had no insurable interest, but that its interest was a limited interest, recovery for which is limited by the Improvement and Betterments clause to the proportion of the value of the property that the remaining portion of the lease period bears to the whole lease period. The value of the property was stated as $8,000.00; it was insured for $4,000.00, and salvage value of $400.00 is admitted. Thus defendant calculates 5/60ths of $7,600.00 or $316.65, as the loss, reduced by the 50% Co-insurance clause to $158.33 as the amount payable under defendant's policy.
Defendant cites Lighting Fixture Supply Co. v. Pacific Fire Ins. Co., 176 La. 499, 146 So. 35 (1932), in support of its position. In that case recovery was limited to a proportion of the value based on the unexpired portion of the lease, in spite of the Valued Policy Law as then formulated by La.Acts 1900, No. 135.
Plaintiff cites The Forge, Inc. v. Peerless Casualty Company, 131 So.2d 838 (La.App. 1961), cert, denied, in support of its contention that the valued policy law, LSAR.S. 22:695, as amended in 1952 and 1958, requires payment of the value stated in the policy. In that case, our Brothers of the Second Circuit discussed the Lighting Fixtures case cited by defendant, but held that LSA-R.S. 22:695, in view of its 1952 and 1958 amendments, now requires payment of the stated value in full. The Court stated:
"It seems clear that the purpose of this amendment was to remove any ambiguities created by the Lighting Fixtures case, not only with regard to the problem of what objects, when insured, are governed by the valued policy law, but also the uncertainties surrounding insurable interest. * * *"
The Supreme Court, in refusing the application for writs in that case, declared "Writ refused; we find no error of law in the ruling complained of."
We are of the opinion that LSAR.S. 22:695, as amended in 1958, and as interpreted in The Forge, Inc. v. Peerless Casualty Company supra, requires the defendant to pay the amount for which the property was insured, or $4,000.00. Plaintiff has received the salvage, which reduces defendant's obligation to $3,800.00, the amount of the District Court's judgment.
The "Improvement and Betterments" clause, to the extent that it conflicts with the valued policy law, is ineffective; Hart v. North British & Mercantile Ins. Co., 182 La. 551, 162 So. 177 (1935):
"The valued policy is controlling, as it is a measure in the public interest in order to secure a greater certainty in the contract of insurance.
"The valued policy statute must be regarded as part of the policy of insurance, and the amount written in the policy as liquidated damages agreed upon by the parties, and this is so, notwithstanding the policy is inconsistent therewith."
*61 The insurer may not insure an inanimate immovable against fire for a stated amount of insurance, and collect premiums based on that amount, and then after a loss seek to show that the insured interest was worth some amount less than the amount of the policy.
Plaintiff did not appeal nor answer defendant's appeal, but in brief suggests that LSA-C.C.P. Art. 2164 authorizes "amendment" of the judgment to give him 12% Penalties and a reasonable attorney's fee. In our view Art. 2164 does not permit modification of a judgment in favor of a party who has asked for no modification at all by appeal or answer to appeal. LSAC.C.P. Art. 2133 still states the requirement that an appellee who desires to have the judgment modified must answer the appeal.
Accordingly, the judgment appealed from is affirmed at appellant's cost.
Affirmed.