342 F.2d 608
 R. Arthur LUDWIG, Trustee in Bankruptcy of Wisconsin Screw Company, Plaintiff-Appellant,
v.
DETROIT FIRE AND MARINE INSURANCE COMPANY of Detroit, Michigan, and Springfield Fire and Marine Insurance Company, and Chris. Schroeder & Sons, Inc., Defendants-Appellees.
 No. 14785.
 United States Court of Appeals Seventh Circuit.
 February 24, 1965.
 
 1
 John J. Burke, Milwaukee, Wis., for appellant.
 
 
 2
 John P. Gorman, Chicago, Ill., Reginald W. Nelson, Milwaukee, Wis., Donald N. Clausen, Jacob T. Pincus, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., for appellees.
 
 
 3
 Before CASTLE, Acting Chief Judge, SWYGERT, Circuit Judge, and MERCER, District Judge.
 
 
 4
 CASTLE, Acting Chief Judge.
 
 
 5
 Wisconsin Screw Company commenced this action in the Circuit Court of Racine County, Wisconsin, against Detroit Fire and Marine Insurance Company, and Springfield Fire and Marine Insurance Company, the defendants-appellees.[1] The cause was removed to the District Court on grounds of diversity of citizenship. The plaintiff corporation was adjudicated a bankrupt and the plaintiff-appellant, R. Arthur Ludwig, Trustee in Bankruptcy of Wisconsin Screw Company, was substituted in its stead.
 
 
 6
 The complaint seeks recovery of $15,000 from each of the defendants as the insurer for that amount of a warehouse property of the Wisconsin Screw Company which was totally destroyed by fire. Interest is sought from September 25, 1957, the sixtieth day following submission of proof of loss.
 
 
 7
 Each of the defendant insurance companies had issued a separate policy in the amount of $15,000 covering the property involved.
 
 
 8
 The action was tried before the court which found the actual cash value of the building at the time of its destruction by fire was $12,264.80, and the damages sustained as a result of the fire were unliquidated and could not have been ascertained with reasonable certainty. The court concluded the Wisconsin "valued policy" statute (Section 203.21, Wis. Stats., 1955) is not applicable. It further concluded the plaintiff is not entitled to prejudgment interest. Accordingly, the court entered judgment for the plaintiff trustee in the amount of $6,132.40 against each of the defendant insurance companies, a total of $12,264.80, rather than the $30,000 plus interest claimed by the plaintiff. The plaintiff appealed.
 
 
 9
 Plaintiff contends the District Court erred in holding § 203.21 of the Wisconsin statutes inapplicable and in limiting plaintiff's recovery against each of the two insurers to its proportionate share of plaintiff's actual loss pursuant to the provisions of § 203.11, Wis.Stats., 1955, which relates to losses covered by multiple policies. The precise issue raised in this connection was decided, and the arguments advanced by plaintiff in support of his position were considered and rejected, in a scholarly and discerning opinion filed by the trial judge, in connection with his denial of a motion for summary judgment previously filed by the plaintiff in this cause. The opinion is reported as Wisconsin Screw Co. v. Detroit Fire & Marine Ins. Co., D.C., 183 F.Supp. 183. We are convinced by Chief Judge Tehan's studied analysis that his conclusion correctly reflects the status of the Wisconsin law. On this phase of the appeal we adopt his opinion and conclude the District Court did not err in limiting the plaintiff's recovery to actual loss and limiting the liability of the defendants to a proration of that loss between them.
 
 
 10
 On the issue of the denial of pre-judgment interest we perceive no basis, from our examination of the record, for concluding that the District Court's finding the loss or damage sustained was unliquidated is clearly erroneous. If the Wisconsin law entitled plaintiff to recover the face amount of the policies, as urged by plaintiff, the loss or damage would be properly characterized as liquidated. But we have concluded § 203.11 limited plaintiff's recovery to its "actual loss" rather than the specific amounts for which the building had been insured. And, there is nothing in the record which establishes that the actual value of the plaintiff's warehouse at the time of its destruction by fire was readily ascertainable with reasonable certainty.[2] In this connection plaintiff points to an appraisal and affidavit, made by a civil engineer employed by a general contractor, who plaintiff characterizes as "defendant's expert", to the effect the "sound value" of the building was $12,264.80. This affidavit was filed by the defendants in opposition to plaintiff's motion for summary judgment. It is obvious this affidavit and appraisal represented only the opinion of the affiant. It does not serve to establish the actual value of the building was readily ascertainable with reasonable certainty. It attests only to the fact this individual had an opinion as to what that value was. The ultimate probative value of the opinion on the issue of the building's actual value, especially in the absence of countervailing evidence, as is the case here, does not serve to demonstrate or establish the actual value of this industrial warehouse, estimated to be some twenty-five years old, was readily ascertainable with a degree of reasonable certainty which would require that damages payable for its total loss be regarded as "liquidated". Wisconsin Screw Co. v. Fireman's Fund Ins. Co., 7 Cir., 297 F.2d 697, 701. Moreover, the policies here involved contained the same standard fire policy provision, required by Wisconsin statute, as was alluded to in the case above cited, and which provides that the amount of loss is payable sixty days after proof of loss is received by the insurer and "ascertainment of loss is made either by agreement between the insured and this Company expressed in writing" or such loss is ascertained by an award of appraisers selected in accordance with the policy. We pointed out in the case cited (297 F.2d 697, 702) that such policies "infer contractual intent that the payment of loss becomes due only after the amount either has been agreed upon or actually determined in a manner binding on the parties."
 
 
 11
 We are of the opinion that under the applicable Wisconsin law the District Court did not err in denying the plaintiff pre-judgment interest.
 
 
 12
 The judgment order of the District Court is affirmed.
 
 
 13
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Chris. Schroeder & Sons, Inc., designated in the title of this appeal as a defendant-appellee, was dismissed from the case pursuant to stipulation
 
 
 [2]
 In Wisconsin Screw Co. v. Fireman's Fund Ins. Co., 7 Cir., 297 F.2d 697, it was recognized (p. 701) that:
 "There are situations where Wisconsin law permits recovery of pre-judgment interest on unliquidated damages or claims. Laycock v. Parker, 103 Wis. 161, 79 N.W. 327; J. I. Case Plow Works v. Niles & Scott Co., 107 Wis. 9, 82 N.W. 568; Necedah Mfg. Corp. v. Juneau County, 206 Wis. 316, 237 N.W. 277, 240 N.W. 405, 96 A.L.R. 4. But the cited cases restrict such allowance to instances where the pecuniary amounts due are `liquidable or measurable in money with reasonable certainty'; where there is a `reasonably certain standard of measurement by the correct application of which one can ascertain the amount he owes'; and where the damages although wholly unliquidated `may be fixed by known and reasonably certain market values or other definite standards'."