201 So.2d 689 (1967)
Russell V. HARVEY, Plaintiff-Appellee,
v.
GENERAL GUARANTY INSURANCE COMPANY, Defendant-Third-Party Plaintiff-Appellant, and Gene B. McFERRIN, Third-Party Defendant-Appellee.
No. 2083.
Court of Appeal of Louisiana, Third Circuit.
July 27, 1967.
Rehearing Denied September 6, 1967.
*690 Jones, Kimball, Harper, Tete & Wetherill, by William M. Nolen, Lake Charles, and Deutsch, Kerrigan & Stiles, New Orleans, for defendant-appellant.
Lloyd E. Hennigan, Jr., Lake Charles, for plaintiff-appellee.
Nathan A. Cormie & Assoc., by Robert E. Morgan, Lake Charles, for third-party defendant-appellee.
Before TATE, SAVOY, and CULPEPPER, JJ.
TATE, Judge.
The trial court awarded the plaintiff policyholder the full $5,000 face amount of its policy for the total destruction of his home. The defendant fire insurer appeals. It contends, inter alia, that the amount of the recovery should be reduced because of the payment by another insurer of a portion of the loss caused by the fire.
Under the Louisiana Valued Policy Law, LSA-R.S. 22:695 subd. A, a fire insurer is obligated to pay the full amount of its policy where there is a total loss. The principal question raised by this appeal is thus whether this statutory obligation of a fire insurer can be regarded as avoided or reduced *691 where other insurance is applicable which pays at least part of the loss covered. The trial court refused to reduce the defendant fire insurer's obligation under such circumstances, and we affirm.
Facts.
In September 1964, the plaintiff executed a second mortgage on his home. To protect the mortgagee and his endorser, a $5,000 face amount fire insurance policy was taken out with the defendant General Guaranty through its local agent. At the time, a policy of $3,000 had already been taken out with another insurer with loss payable clause to the first mortgagee, to whom a balance in excess of $4,000 was owed. No question of fraud or of failure to make full disclosure is involved.
At the time of the fire in February of 1965, the preponderance of the evidence indicates that the value of the plaintiff's dwelling was in excess of $7,000 (although probably not as much as $8,000). An appraiser relied upon by the defendant, who admitted he did not take into account the type or nature of the finishing, conservatively estimated the depreciated value of the residence as at least $5,100.
Factual contentions by appellant.
In addition to the issue of law to be discussed, General Guaranty also raises certain factual issues. We affirm the trial court's factual determinations so attacked, as follows:
1. The uncontradicted evidence proves the valid issuance by the insurer's local agent of the $5,000 fire policy to the plaintiff Harvey, as well as the total absence of any written notice of cancellation to him as required by law.
2. The great preponderance of the evidence proves that the fire caused a total loss of the residence. Without contradiction, it gutted the interior, damaged some some of the exterior, and destroyed the roof. Even though the building was not totally consumed by fire, it was so damaged as not to be economically repairable. See Hart v. North British & Mercantile Ins. Co., 182 La. 551, 162 So. 177.
3. Under the practice of General Guaranty with regard to its policies issued through its local agent McFerrin, it was the duty of the company and not of the local agent to issue written notice to the insured when a policy was cancelled under the present circumstances. The trial court therefore correctly dismissed General Guaranty's third-party demand against McFerrin. (This third-party demand asserted that McFerrin should be liable for any amount for which General Guaranty is cast, because he had negligently failed to notify the policyholder of the attempted cancellation of General Guaranty's policy prior to the fire.)
The principal issue of the appeal.
We now reach consideration of the principal issue of the appeal, which concerns application of our Valued Policy Law where there is concurrent insurance.
Under the Louisiana valued policy law, in the absence of fraud, a fire insurer must pay its insured, in case of total destruction, "the total amount for which the property is insured, at the time of such total destruction, in the policy of such insurer." LSA-R.S. 22:695, subd. A.[1]
Under this law, the insurer may not go behind the policy and show that the insured's *692 interest is worth less than the face amount of the policy. Welch v. New York Underwriters Ins. Co., La. App. 3 Cir., 145 So.2d 376.
Statutory provisions similar to these have been enacted in many jurisdictions. Their purpose is to protect the insured by relieving him of the burden of proving the full value of his property after its total destruction, and to prevent insurance companies from receiving premiums on overvaluations but thereafter repudiating their contracts when it becomes to their interest to do so. 45 C.J.S. Insurance, § 916; Horn v. Atlas Assurance Soc., 241 Ky. 226, 43 S.W.2d 675 (1931). Any policy provision attempting to limit the insurer's liability is invalid when in conflict with the provision of the valued policy law. Hart v. North British & Mercantile Ins. Co., 182 La. 551, 162 So. 177.
In the instant case, the insurer's policy contained a "pro rata" clause.[2] Harvey, the plaintiff insured, also maintained a $3,000 policy upon his home destroyed by fire. Therefore, the defendant General Guaranty contends, it is liable for no more than 5/8ths of the loss under its $5,000 policy, at least so long as the loss is less than the full $8,000 for which the property was insured.
The trial court held that, since it is conceded that the damages to the dwelling exceed $5,000, it is immaterial that $3,000 of coverage was provided by another insurer, for under the valued policy law both insurers are liable for the full face amount of their policies despite the respective pro rata clauses.
In so holding, the trial court was in accord with the preponderant jurisprudence. "The cases in general hold that provisions of policies on real property for a proportionate liability in case of coinsurance are inconsistent with statutes providing for valued policies, and are therefore invalid," 29A Am.Jur., Insurance, Section 1711.[3] See: 6 Appleman, Insurance Law and Practice, Section 391 (1942); Couch on Insurance 2d, Section 54:113 (1966); 45 C.J.S. Insurance § 922 a. See also: MFA Mutual Ins. Co. v. Southwest Baptist College, Inc., Mo., 381 S.W.2d 797 (1964); Ciokewicz v. Lynn Mut. Fire Ins. Co., 212 Wis. 44, 248 N.W. 778 (1933); Dixie Fire Ins. Co. v. Minick, 226 Ky. 498, 11 S.W.2d 141 (1929); Springfield Fire and Marine Insurance Co. v. Boswell, Fla.App., 167 So. 2d 780 (1964).
The respective insurers may of course avoid any overinsuring by their policyholder by requiring him, before issuing its policy, to state whether other insurance is applicable or what is the approximate valuation of the premises insured; or, before issuing its policy, an insurer may itself check the value of the property or the existence of other coverage on the risk to be insured. No attempt to do so was made here. As previously noted, there is no question of fraud or collusion or misconduct on the part of the plaintiff policyholder.
Citing the pro rata clause statutorily required in standard fire policies, see LSA-R.S. 22:691, subd. F, General Guaranty persuasively argues that, construing the two statutes together, the Valued Policy Law must yield when there is concurrent insurance. Therefore, it suggests, each insurer should at the most be held only to its pro rata share so long as the total loss *693 does not exceed the combined limits of both policies.
General Guaranty's able counsel relies upon Reedsburg Farmers Mutual Ins. Co. v. Koenecke, 8 Wis.2d 408, 99 N.W.2d 201 (1959). However, this decision, like the decision in Ludwig v. Detroit Fire & Marine Ins. Co., C.A.7, 342 F.2d 608 (1965), affirming Wisconsin Screw Co. v. Detroit Fire & Marine Ins. Co. of Detroit, Mich., 183 F.Supp. 183 (D.C.1960), concerns a Wisconsin statute (Sec. 203.11 Wis.Stats.) which expressly provides that no fire insurer should be liable for more than its proportionate share of the damage when there is concurrent insurance covering the loss. There is no such statute cited to us as applicable here.
We regard as applicable instead the principle enunciated by the preponderant jurisprudence cited, namely, that, because of the serious reasons of public policy causing enactment of the valued policy laws, inconsistent clauses of fire insurance policies must yield to a valued policy statute requirement that a fire insurer pay the full face amount of its policy so long as the insured has an insurable interest in the property insured, in the absence of fraud or collusion or other misconduct.
Although neither party cited it, we were given some concern by the 1964 amendment adding to the valued policy law the provision now found as LSA-R.S. 22:695, subd. E: "Liability of the insurer, in the event of total or partial loss, shall not exceed the insurable interest of the insured in the property, and nothing herein shall be construed as precluding the insurer from questioning or contesting the insurable interest of the insured." It is to be noted, however, that the provision does not require that the insurer's liability shall not exceed the actual loss of the insured, but only his "insurable interest".
With regard to property damage, our Insurance Code defines "insurable interest" as "any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage." LSA-R.S. 22:614, subd. B. If the 1964 amendment had provided instead that the insurer's liability should not exceed the loss or value of the property when it is totally destroyed, this would have the effect of entirely repealing the valued property law's principal provision that the insurer must pay the total amount of its coverage where the property is totally destroyed. See LSA-R.S. 22:695, subd. A, quoted in Footnote 1 above.
We do not believe that the mild legislative amendment of 1964 was intended thus to repeal the substance of the Valued Policy Law. Construing that law as a whole, the 1964 amendmentproviding that an insurer's liability shall not exceed the policyholder's "insurable interest"has, at the most[4], the following meaning as applied to the present facts: In the event of total loss, the insurer cannot be held liable unless the policyholder has a net insurable interest in the property destroyed beyond the value for which other fire insurance policies provide coverage. This is in accord with the holding of the trial court which we now affirm.
We therefore conclude that the trial court correctly held the defendant insurer liable for the full face amount of its policy upon proof that the total amount of the loss exceeded the face amount of any policy applicable, so that, after payment of *694 any other policy applicable to the loss, there was a net insurable interest of the policyholder in the property destroyed which was not covered by any other policy than that sued upon.[5] Under these circumstances, the valued policy law applies, just the same as if the policyholder had obtained and paid for premiums on a single policy with a valuation in excess of the actual value of the property totally destroyed by fire.
Decree.
For the reasons assigned, we affirm the trial court judgment. The defendant-appellant is to pay the costs of this appeal.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] LSA-R.S. 22:695, subd. A in full provides:

"Under any fire insurance policy, which may be written hereafter, and which is intended to take effect, at or after 12 o'clock noon, Central Standard Time, on the first day of August, 1952, on any inanimate property, immovable by nature or destination, situated within the state of Louisiana, the insurer shall pay to the insured, in case of total destruction, without criminal fault on the part of the insured or the insured's assigns the total amount for which the property is insured, at the time of such total destruction, in the policy of such insurer."
(Subsection B provides for the payment in the event of partial loss.)
[2] "The Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not." This is one of the provisions of the standard fire insurance policy required by statute. See LSA-R.S. 22:691, subd. F.
[3] In support of this statement, the encyclopedia cites: Havens v. Germania F. Ins. Co., 123 Mo. 403, 27 S.W. 718, 26 L.R.A. 107, 45 Am.St.Rep. 570; National F. Ins. Co. v. Dennison, 93 Ohio St. 404, 113 N.E. 260, L.R.A.1916F, 992; Oshkosh Gaslight Co. v. Germania F. Ins. Co., 71 Wis. 454, 37 N.W. 819, 5 Am.St. Rep. 233.
[4] Actually, the probable purpose of the amendment is to overrule decisions applying the valued policy law in situations such as in Forge v. Peerless Casualty Co., La.App. 2 Cir., 131 So.2d 838 and Roberts v. Houston Fire & Casualty Ins. Co., La.App. 3 Cir., 168 So.2d 457, where the policyholder did not possess full or undivided ownership of the property destroyed, so that his actual insurable interest was only for a proportion of the total property destroyed. See Lighting Fixture & Supply Co. v. Pacific Fire Ins. Co., 176 La. 499, 146 So. 35.
[5] It may well be that a pro rata clause would apply where the total coverage was so greatly in excess of the value of the property destroyed that insurance provided by one or more policies was truly surplus.