SARTAIN, Judge.
These consolidated cases involve the extent of liability of Republic Insurance Company under a $20,000.00 fire insurance policy which it issued to Blackwater Estates, Inc., as owner and named insured, and in which American Public Life Insurance Company was named as mortgagee in the loss payable clause. At the time of the loss, Blackwater Estates was the record owner and American Public Life held the mortgage. of Blackwater Estates on the subject property in the amount of $20,000.-00.
Republic Insurance admitted that its policy was in force at the time of the loss but contended that another fire policy, issued by First of Georgia Insurance Company and also in the amount of $20,000.00, covered the same property at the time of the loss. Thus, under the pro-rata liability clause in its policy, Republic Insurance at *411 tempted to limit its liability to one-half of the face amount and tendered $10,000.00 to Blackwater Estates, Inc., and American Public Life, the mortgagee, by depositing the same with the Clerk of Court.
The trial judge held that Republic Insurance was liable not only for the full face amount of its policy, viz. $20,000.00 but also for attorney fees in the amount of $2,000.00 and the statutory penalty of 12% interest on the amount it refused to pay, since the court founá that the refusal to pay was arbitrary, capricious and without probable cause. While we are convinced that Republic Insurance is liable for the face amount of its policy, we are also convinced that the apparent conflict between the pro-rata liability clause of the standard fire policy, L.R.S. 22:691(F), and the provisions of the valued policy statute, L.R.S. 22 ¡695(A) and (E) has not been specifically resolved by the Supreme Court of this state, and we cannot agree that an action based on the validity and enforceability of the pro-rata liability clause is frivolous or without probable cause. In fact, it was not even argued that an insurer is precluded from looking beyond the insurable interest of the persons named in its policy by L.R.S. 22:695 or that the valued policy statute is controlling where a clause in a standard fire policy is in conflict therewith. We therefore reverse that portion of the lower court’s judgment which awarded attorney fees and the statutory penalty of 12% interest.
The subject property was formerly purchased by Gillie G. Watson, Sr., and his wife in 1954. She died in 1962, survived by Mr. Watson and two sons, Gillie G. Watson, Jr., and Lyman Watson. In September of 1963, Mr. Watson, Sr., executed a mortgage on his undivided one-half interest in the amount of $12,500.00. In December of 1966, American Public Life filed suit against Mr. Watson and secured a writ of seizure and sale under which the sheriff of East Baton Rouge Parish sold Mr. Watson’s undivided one-half interest on March 22, 1967, to American Public Life. Mr. Watson and his sons continued to live in the frame dwelling on the property. Mr. Watson obtained a fire insurance policy on the property in the face amount of $20,000.00 from First of Georgia Insurance Company. He was the named insured and American Public Life was named as mortgagee in the policy, which was dated July 3, 1967, and which was for a three year term. At that time, American Public Life had already purchased Mr. Watson’s interest, although the sheriff did not officially direct the cancellation of the prior mortgage until November 14, 1967.
On December 17, 1968, by a judgment of possession in the succession of Mrs. Watson, the two sons were sent into possession of her one-half undivided interest and became co-owners with American Public Life. A new corporation was formed, Blackwater Estates, Inc., and on December 23, 1968, the whole property was sold to it by American Public Life and the two Watson sons. At the time, the Watson sons owned one-half of Blackwater Estates and American Public Life owned the other half, and at some time thereafter — either before or after the fire that destroyed the dwelling — the sons transferred their interest to American Public Life.
On December 27, 1968, Blackwater Estates executed a mortgage to American Public Life in the amount of $20,000.00. On January 24, 1969, the fire insurance policy of Republic Insurance was issued with Blackwater Estates as the named insured and American Public Life named as mortgagee in the loss payable clause. On January 26, 1969, a fire totally destroyed the dwelling.
After the fire, it was recalled that the First of Georgia policy had been previously purchased covering the same dwelling and a proof of loss was submitted to it as well as to Republic Insurance. First of Georgia refused to honor the claim and Republic Insurance admitted liability of only one-half of the face amount of its policy. It claimed that the pro-rata liability clause *412 in its policy could be invoked because the First of Georgia policy was other “insurance covering the property against the peril involved, whether collectible or not”. The loss did occur within the three year term of the First of Georgia policy and the premiums therefor had been paid.
In sum, the First of Georgia policy named Gillie Watson, Sr., as insured and American Public Life as mortgagee and was issued after the primary debt on which the mortgage was dependent had been satisfied by the purchase of Watson’s interest as one-half owner at the sheriff’s sale. The property on which the dwelling was located was later sold to Blackwater estates, and a few days later the $20,000.00 mortgage was executed in favor of American Public Life. As full owner, Blackwa-ter purchased the policy from Republic Insurance, with American Public Life named as mortgagee. Then the fire totally destroyed the dwelling.
All parties herein addressed their arguments to the question of whether the First of Georgia policy was other insurance covering the property, whether collectible or not, at the time of the loss. First of Georgia contended that at the time its policy was issued American Public Life had no interest as mortgagee, having already foreclosed on Mr. Watson’s interest which was the security for the mortgage. The interest it had as owner was sold to Blackwater Estates and the interest subsequently acquired as mortgagee of Blackwater Estates was completely unrelated to the First of Georgia policy. Likewise Gillie Watson lost whatever insurable interest he may have had when he and his sons moved out of the dwelling and his sons joined with American Public Life in the sale to Black-water Estates. Republic Insurance contends that these facts at most may affect collectibility under the First of Georgia policy but the policy was nevertheless in force. Republic Insurance also contends that since American Public Life owned Blackwater Estates, either entirely or as one-half owner with the two Watson sons, it never lost interest in the property and could look to First of Georgia for recovery.
We do not deem it necessary to discuss here the merits of the respective claims by Republic Insurance Company, American Public Life Insurance Company and Blackwater Estates, Inc. relative to the applicability of the fire policy obtained from First of Georgia Insurance Company because in our opinion this case should be disposed of under the provisions of L.R.S. 22:695 (A),[1] commonly referred to as the Louisiana Valued Policy Law. This statute was fully discussed in Harvey v. General Guaranty Insurance Company, 201 So.2d 689 (3d La.App., 1967). In an opinion authored by Judge Tate, which affirmed a decision of the trial court upholding two fire policies, the court stated:
“In so holding, the trial court was in accord with the preponderant jurisprudence. ‘The cases in general hold that provisions of policies on real property for a proportionate liability in case of coinsurance are inconsistent with statutes providing for valued policies, and are therefore invalid,’ 29A Am.Jr., Insurance, Section 1711. See: 6 Apple-man, Insurance Law and Practice, Section 391 (1942); Couch on Insurance 2d, Section 54:113 (1966); 45 C.J.S. Insurance § 922 a. See also: MFA Mutual Ins. Co. v. Southwest Baptist College, Inc., Mo., 381 S.W.2d 797 (1964); Ciokewicz v. Lynn Mut. Fire Ins. Co., 212 Wis. 44, 248 N.W. 778 (1933); Dixie *413 Fire Ins. Co. v. Minick, 226 Ky. 498, 11 S.W.2d 141 (1929); Springfield Fire and Marine Insurance Co. v. Boswell, Fla.App., 167 So.2d 780 (1964).
“The respective insurers may of course avoid any overinsuring by their policyholder by requiring him, before issuing its policy, to state whether other insurance is applicable or what is the approximate valuation of the premises insured; or, before issuing its policy, an insurer may itself check the value of the property or the existence of other coverage on the risk to be insured. No attempt to do so was made here. As previously noted, there is no question of fraud or collusion or misconduct on the part of the plaintiff policyholder.
Citing the pro rata clause statutorily required in standard fire policies, see LSA-R.S. 22:691, subd. F. General Guaranty persuasively argues that, construing the two statutes together, the Valued Policy Law must yield when there is concurrent insurance. Therefore, it suggests, each insurer should at the most be held only to its pro rata share so long as the total loss does not exceed the combined limits of both policies.
General Guaranty’s able counsel relies upon Reedsburg Farmers Mutual Fire Ins. Co. v. Koenecke, 8 Wis.2d 408, 99 N.W.2d 201 (1959). However, in this decision, like the decision in Ludwig v. Detroit Fire & Marine Ins. Co., C.A. 7, 342 F.2d 608 (1965), affirming Wisconsin Screw Co. v. Detroit Fire & Marine Ins. Co. of Detroit, Mich., 183 F.Supp. 183 (D.C.1960), concerns a Wisconsin statute (Sec. 203.11 Wis. Stats.) which expressly provides that no fire insurer should be liable for more than its proportionate share of the damage when there is concurrent insurance covering the loss. There is no such statute cited to us as applicable here.
We regard as applicable instead the principle enunciated by the preponderant jurisprudence cited, namely, that, because of the serious reasons of public policy causing enactment of the valued policy laws, inconsistent clauses of fire insurance policies must yield to a valued policy statute requirement that a fire insurer pay the full face amount of its policy so long as the insured has an insurable interest in the property insured, in the absence of fraud or collusion 01 other 'misconduct.”
In Harvey, it was urged that the standard pro-rata clause of a fire policy is applicable in the instance where there were multiple policies covering the same property. This argument was rejected on the grounds that the pro-rata provision contravened the express terms of the Louisiana Valued Policy Law (L.R.S. 22:695 [A]). See 29 LLR 144. The facts in Harvey closely parallel those in the case at bar. It is not disputed that the property in question here was totally destroyed by fire and that the policy sued upon was in effect. The record contains no evidence as to the value of the property at the time of the loss but we must conclude that it was at least equal to the sum of $20,000.00 because Republic offered $10,000.00 as representing one-half of its liability. Also, there is no issue as to fraud, arson, or misrepresentation. Absent any defense on these issues, Republic is only permitted to inquire into Blackwater’s insurable interest. (L.R.S. 22:695[E]). Further, it is undisputed that at the time of the loss Blackwa-ter Estates, Inc. was the record owner. Under these facts the validity, vel non, of the policy with First of Georgia is immaterial. Republic’s argument, in endeavoring to pierce the corporate veil, claiming that American Public Life Insurance Company was in fact the owner of Blackwater Estates, Inc. and therefore had a continuing interest under the First of Georgia policy is without merit. Harvey, supra.
As stated above we find that the trial judge committed manifest error when he concluded that Republic Insurance Company was arbitrary and capricious in fail *414 ing to pay the full limits of its liability and therefore is liable for penalties, interest and attorney’s fees. L.R.S. 22:658. Our reasons for so holding is that our Supreme Court has not in fact ruled upon the legal relationship between the Valued Policy Law (L.R.S. 22:695) and the standard fire policy pro-rata liability clause (L.R.S. 22:691[F]).[2] Under these circumstances, strengthened by the fact that Blackwater Estates filed a proof of loss with' First of Georgia, we do not consider the action of Republic Insurance Company to be so arbitrary and capricious as to condemn it for additional statutory penalties. Society of the Roman Catholic Church v. Northwestern Mutual Insurance Company, 204 So.2d 116 (1st La.App., 1967), L.R.S. 22:658.
Accordingly, for the above and foregoing reasons the judgment of the district court in favor of the defendants, American Public Life Insurance Company, et al, in Suit No. 8271, dismissing plaintiff’s (Republic Insurance Company) claim for declaratory relief is affirmed at plaintiff’s costs. The judgment of the district court in Suit No. 8272 in favor of Blackwater Estates, Inc. and against Republic Insurance Company, in the sum of Twenty Thousand and No/100 ($20,000.00) Dollars is affirmed but amended to provide that legal interest shall only apply to $10,-000.00 and accrue on the latter sum from date of judicial demand until paid; however, the judgment condemning Republic Insurance Company to pay to Blackwater Estates, Inc., the additional sum of 12% of the principal judgment as penalties and the sum of $2,000.00 for attorney fees is reversed and set aside. In all other respects the judgment rendered in Suit No. 8272 is affirmed at defendant’s, Republic Insurance Company, costs.
Affirmed in part, reversed in part and rendered.

. A. Under any fire insurance policy, which may be written hereafter, and which is intended to take effect, at or after 12 o’clock noon, Central Standard Time, on the first day of August, 1952, on any inanimate property, immovable by nature or destination, situated within the state of Louisiana, the insurer shall pay to the insured, in ease of total destruction, without criminal fault on the part of the insured or the insured’s assigns the total amount for which the property is insured, at the time of such total destruction, in the policy of such insurer.

. Hart v. North British & Mercantile Ins. Co., 182 La. 551, 553, 162 So. 177 (1935) was concerned only with a purported eon-flict between the Valued Policy Law and a policy provision to arbitrate a dispute as to value.