COMMERCIAL UNION INSURANCE COMPANY, Petitioner-Defendant,

and

Shelby Mutual Insurance Company, Defendant,

v.

Vernon SNEED et ux., Respondents-Plaintiffs.

Supreme Court of Tennessee.

Oct. 11, 1976.

Charles W. Dooley, Thomas, Leitner, Mann, Warner & Owens, Chattanooga, for petitioner-defendant.

Allen H. Carter, Carter & Reid, Athens, for respondents-plaintiffs.

## OPINION

FONES, Chief Justice.

We granted certiorari in this case limited to the issue relating to the imposition of the bad faith penalty of twenty-five (25%) percent, as provided in T.C.A. § 56–1105(A).

## I.

The issue that precipitated this litigation, as stated by the Court of Appeals is: "When there is in force on the same property a valued insurance policy and an open policy, are the prorata payment provisions recognized or does the valued policy law foreclose proration of the loss?"

The question presented is one of first impression in this State and we are in agreement with the disposition thereof by the Court of Appeals. We therefore adopt and quote from the opinion authorized by Judge Parrott:

"Mr. and Mrs. Vernon Sneed brought this suit to collect on two insurance policies for the loss of their house which was totally destroyed by fire on September 19, 1973. Of the two policies in force at the time of the fire, one was Commercial Union Insurance Company's fire policy which was issued on February 1, 1973, for a period of three years providing $6,000.00 coverage, and the other was a homeowner's policy issued by Shelby Mutual Insurance Company on September 18, 1973, insuring the house for $12,000.00 and $6,000.00 on contents.

Commercial Union's policy, having been issued more than 90 days prior to the fire, had by statute become a 'valued policy.'[1] *Riddick v. Yorkshire Ins. Co.,* 165 Tenn. 105, 56[52] S.W.2d 166 (1932). Shelby Mutual's policy, issued less than 90 days, stands as an 'open policy.'[2] *Newark Fire Ins. Co. v. Martineau,* 26 Tenn.App. 261, 170 S.W.2d 927 (1943).

Commercial Union insists since both policies have provisions requiring proration of liability where there is other insurance, its policy is only liable for a prorata share of the loss. Shelby contends that since the Commercial Union

policy is valued, Commercial Union's liability is for the full amount of its policy while Shelby's liability is for the excess of the loss above Commercial Union's policy limits.

There is no assertion plaintiffs used fraud in procuring the policies nor is it claimed the policies are voidable because of any acts on the part of the plaintiffs since the issuance of the policies. Neither is there a question as to the value of the house because prior to this litigation it was stipulated or agreed that the value of the house, exclusive of the contents, was $7,224.67.

Commercial Union has appealed from the chancellor's finding its valued policy must pay the coverage limits of $6,100.00 while Shelby Mutual must pay $1,124.67, the remaining balance of the stipulated loss. In addition to the above amounts, the chancellor allowed 12½ percent of the recoveries as attorney fees.

In this case the narrow issue is: When there is in force on the same property a valued insurance policy and an open policy, are the prorata payment provisions recognized or does the valued policy law foreclose proration of the loss? It should be noted we do not have for consideration the situation where there are two valued policies covering the same fire loss. Thus what is said here is applicable only where there is a valued and an open policy on the same property.

We do not find a decision where the precise question presented has ever been before the courts of this state. However, the decisions from other jurisdictions as well as the legal tests seem to agree that prorate provisions of insurance policies are inconsistent with valued policy laws, and that where there is a conflict, the

---

1. T.C.A. 56–1137 provides that within 90 days after the writing of any contract of fire insurance on any building or structure the insurance company shall personally inspect the structure. No company shall issue or renew any fire insurance policy exceeding the fair value of the property insured.

   T.C.A. 56–1139 provides that where no inspection has been made or value fixed and

agreed on, in the absence of fraud or mistake, it will be conclusively presumed the value of the property destroyed is that amount stated in the policy.

2. An 'open policy' is one less than 30 days old where no inspection or agreement has been reached as to value of the insured structure.

prorate clauses are invalid. 16 Couch on Insurance 2d, Sec. 62:28; 44 Am.Jur.2d, Insurance, Sec. 1811; 45 C.J.S., Insurance, Sec. 922; *Republic Ins. Co. v. American Public Life Ins. Co.,* 246 So.2d 410 (La.App.1971); *Miller's Mutual Ins. Assn. v. La Pota,* 197 So.2d 21 (Fla.App.1967); *Hensley v. Farm Bureau Mutual Ins. Co.,* 243 Ark. 408, 420 S.W.2d 76 (1967).

Our courts have followed a similar course by holding the provisions of statutes override any stipulations of the policy. See *Dugger v. Mechanics' and Traders' Ins. Co.,* 95 Tenn. 245, 32 S.W. 5 (1895). Also, our courts have held the valued policy statutes are to be read into every fire insurance policy in force in this state. *Riddick v. Yorkshire Ins. Co.,* supra; *Newark Fire Ins. Co. v. Martineau,* supra.

We agree with the chancellor's conclusion that Commercial Union Insurance Company must pay the full amount of its coverage under the policy. We hold, as did the chancellor, that the prorata liability provisions of the Commercial Union policy are unenforceable and invalid because they are in conflict with our valued policy law."

## II.

The learned chancellor found that the two insurance companies were not guilty of bad faith, "Nevertheless, it was unreasonable to have caused the plaintiffs to go to the expense of filing this action. The loss was not denied, the insurance policies were not denied, it was merely a question of which of the insurance companies were going to pay. It is the opinion of this court that such refusal was vexatious and without reasonable cause." The chancellor concluded that attorney's fees in the amount of twelve and one half (12½) percent should be awarded plaintiff against both defendants.

The Court of Appeals was of the opinion that the chancellor made the award of attorney's fees pursuant to the authority of T.C.A. § 56–1105(B), and correctly held that to be error. The twelve and one-half (12½) percent penalty under subsection (B)

is applicable only when an unauthorized foreign or alien insuror has issued or delivered a contract of insurance in this State and both defendants were shown to be authorized to do business in Tennessee. In assessing the twenty-five (25%) percent penalty authorized by T.C.A. § 56–1105(A) the Court of Appeals observed that this was a controversy between two insurance companies trying to minimize their liability for a legitimate claim at the expense and inconvenience of their insured; that even though the question was one of first impression, under the circumstances, the two companies were guilty of bad faith.

The penalty was assessed upon the full amount of plaintiffs' undisputed loss of $7,224.67.

Shelby Mutual did not petition for the writ of certiorari seeking relief from the twenty-five (25%) percent penalty on the amount of its liability and the judgment of the Court of Appeals with respect to it must be affirmed.

Commercial Union's contention prior to suit, in its answer, at the trial and in the appellate court acknowledged that it was liable for the sum of $3,296.92, its portion of the loss prorated with Shelby Mutual.

Its answer filed on May 10, 1974, asserted that it was willing to pay that sum and at the trial on December 23, 1974, it introduced, as exhibit 8, a check payable to the clerk and master in the sum of $3,296.92, dated December 6, '1974. However, both "tenders" were accompanied by the assertion that said sum was in full satisfaction of its obligation to plaintiffs and the amount tendered was not available to plaintiffs unless they accepted same in full settlement of their claim against Commercial Union.

It is apparent that Commercial Union could have paid the plaintiffs the sum of $3,296.92, unconditionally, without any prejudice whatever to its position in this litigation and its failure to do so renders it subject to the bad faith penalty, to that extent. It was entitled to litigate the question of liability beyond that amount without incurring any penalty on the additional sum

involved in the question of first impression. See *Brewer v. Aetna Life Insurance Company,* 490 S.W.2d 506 (Tenn.1973).

A penalty of twenty-five (25%) percent of the sum of $3,296.92 is assessed against Commercial Union and the judgment of the Court of Appeals as thus modified is affirmed and the cause is remanded to the Chancery Court of Monroe County for the entry and enforcement of a decree in accord with this opinion. The costs incurred in this Court shall be divided equally between plaintiff and Commercial Union Insurance Company.

COOPER, C. J., and HENRY, BROCK, and HARBISON, JJ., concur.